**Robert D. GRADSKY, Petitioner,**

v.

**COMMISSIONER OF INTERNAL REVENUE, Respondent.**

**No. 12187.**

United States Court of Appeals, Sixth Circuit.

Dec. 17, 1954.

Robert D. Gradsky, per se.

H. Brain Holland, Ellis N. Slack, Daniel A. Taylor, Rollin H. Transue and John J. Kelley, Jr., Washington, D. C., for respondent.

Before ALLEN, McALLISTER, and STEWART, Circuit Judges.

PER CURIAM.

The above case came on for hearing on the record, the briefs of the parties, and the arguments by counsel for the Commissioner and by petitioner, acting as his own counsel. It appears that a statutory notice of deficiency was mailed to petitioner taxpayer at his correct address by registered mail; that taxpayer's petition for redetermination of deficiency was not filed within ninety days after the mailing of the notice of deficiency, as provided in Section 272(a) of the Internal Revenue Code, 26 U.S.C.A. § 272.

On the ninetieth day after the mailing of notice of the deficiency, petitioner mailed, from Dayton, Ohio, his petition for redetermination of the deficiency, which could not be, and was not received and filed until the ninety-first day after the mailing of the notice.

The Commissioner moved to dismiss the petition for redetermination on the ground that it was not timely filed within the statutory period of ninety days and that the Tax Court, therefore, had no jurisdiction. The Tax Court granted the motion to dismiss, and review of its order to that effect is here sought.

The filing of the petition for redetermination within ninety days after the mailing of the notice of deficiency is jurisdictional. It appears that the Commissioner determined the deficiency according to the net worth method. Petitioner declares that he was the owner of securities prior to the taxable year in question which proves that he did not understate his income during those periods, and that such evidence would conclusively prove his contention at this time to the Internal Revenue authorities. This, however, is a matter for the consideration of the Commissioner and should be presented to him, if petitioner's contentions are correct; but, in the circumstances of this case, the Tax Court was without jurisdiction to act in the premises.

The conclusion and decision of the Tax Court that the proper statutory notice of deficiency was mailed to the taxpayer; that petitioner failed to file his petition for redetermination within the statutory ninety-day period; that the court was without jurisdiction to hear the petition; and the order of the Tax Court dismissing the proceeding are affirmed.