**David BUFORD, Movant-Appellant,**

v.

**UNITED STATES of America, Respondent-Appellee.**

**No. 14543.**

United States Court of Appeals
Seventh Circuit.

Sept. 28, 1964.

Donald R. Peterson, Phillip E. Crump, Donald L. Johnson, Milwaukee, Wis., for appellant.

James B. Brennan, U. S. Atty., William J. Mulligan, Asst. U. S. Atty., Milwaukee, Wis., for appellee.

Before SCHNACKENBERG, CASTLE and SWYGERT, Circuit Judges.

SCHNACKENBERG, Circuit Judge.

David Buford, movant (hereinafter sometimes called defendant), appeals from an order of the district court entered November 26, 1963, denying his motion under 28 U.S.C.A. § 2255, to vacate sentences imposed by the district court in cases Nos. 211 Crim. U. and 57–CR–141. A second offender information, under 26 U.S.C.A. § 7237(c) (2), having been filed against the defendant, the district court had sentenced him to imprisonment on May 19, 1958, for ten years on an eight-count indictment charging violation of the narcotics laws. § 4705(a) of the Internal Revenue Code of 1954, 26 U.S.C.A. § 4705(a), and 21 U.S.C.A. § 174.

It appears that, in case No. 211 Crim. U., in 1953, defendant, represented by court-appointed counsel, entered a plea of not guilty to a one-count indictment charging a violation of 21 U.S.C.A. § 174. In January 1955, defendant concluded he needed medical assistance for his drug addiction and so advised his personally-selected attorney, who on January 11, 1955, brought him into court, where he changed his plea to guilty and was sentenced to imprisonment for two years and fined $100, with a recommendation that he be sent to the hospital at Lexington, Kentucky.

Following the filing of the eight-count indictment on December 19, 1957, defendant retained private counsel with the result above referred to.

On September 5, 1963, court-appointed counsel filed in the district court defendant's motion to vacate, set aside or correct the 1955 sentence. Both his counsel in the district court and counsel appointed by this court contend that the real issue is whether on January 11, 1955 defendant voluntarily changed his plea while suffering from withdrawal. They have argued that, because defendant was suffering from withdrawal of a narcotic drug when he changed his plea, the change of plea was not made voluntarily.

The district court considered, at defendant's request, the records of certain army hospitals and the Veterans' Administration, and found from its examination thereof nothing that would indicate that defendant was mentally incompetent at any of the dates in question.

At defendant's request for an examination by a court-appointed psychiatrist, Doctor William H. Studley was appointed for that purpose. Dr. Studley testified in court that defendant was competent on January 11, 1955, despite his addiction.

Whereupon the court formally found that defendant was mentally competent on January 11, 1955 and May 13, 1958, when the respective pleas of guilty were entered, and that his physical condition on January 11, 1955, was not such as to render him mentally incompetent.

We believe that the fact that defendant's motive in pleading guilty was to gain entrance to a government hospital for treatment in no way deprived him of his choice as to pleading guilty or not guilty. We are convinced that his plea of guilty was knowingly and voluntarily made after his constitutional rights had been fully explained to him. Under those circumstances we cannot reasonably hold that his plea of guilty was not voluntary merely because thereby he was able to acquire hospitalization. To the same effect is Fee v. United States, 207 F.Supp. 674, 1962, Dist.Ct.W.D.Va.

No other point having been argued by defendant's counsel in this court, we are

required for the reasons hereinbefore stated to affirm the order of the district court.

We appointed Donald Peterson, Esquire, and Donald Johnson, Esquire, of the Wisconsin bar, to represent defendant in this court. We thank Mr. Peterson and Mr. Johnson for the diligent service which they have rendered on behalf of defendant.

Order affirmed.