Gus **LINDSEY, Jr.,** Petitioner-Appellant,

v.

E. P. **PERINI,** Superintendent, Respondent-Appellee.

No. 19025.

United States Court of Appeals Sixth Circuit.

May 8, 1969.

Gus Lindsey, Jr., in pro. per. lant.

Paul W. Brown, Atty. Gen., Leo J. Conway, Asst. Atty. Gen., Columbus, Ohio, for appellee.

Before McCREE and COMBS, Circuit Judges, and CECIL, Senior Circuit Judge.

**PER CURIAM.**

This is an appeal by Gus Lindsey, Jr., petitioner-appellant from an order of the United States District Court for the Northern District of Ohio, Western Division, denying his petition for a writ of habeas corpus. The appellant is confined in the Marion Correctional Institution at Marion, Ohio.

The appellant's petition was denied by an opinion and order of the district judge on July 27, 1967. On August 29, 1967, the appellant filed a motion for reconsideration, or in the alternative for a certificate of probable cause. He wrote a letter to the judge in support of this motion. The motion for reconsideration was overruled and the application for a certificate of probable cause was denied on September 20, 1967.

A year later, on September 10, 1968, the appellant filed a paper denominated, "Motion For Leave To File A Belated Appeal In Forma Pauperis." This paper bore a heading, "United States Court of Appeals for the Sixth Circuit", but was filed in the District Court. The appellant alleges that at the time he could have appealed as a matter of right he was unaware of his right to appeal a final judgment and order of the District Court, and that he was not informed of such right. He filed a Notice of Appeal in the District Court on the same day.

The District Judge stated that the appellant had filed a motion for a belated appeal and by implication for reconsideration of his former application for a certificate of probable cause. The judge then granted a certificate with the following statement:

"Having reviewed the memorandum opinion which accompanied the order of dismissal and finding that it is based upon decisional law which is in apparent conflict with the recent decision of the United States Supreme Court in Mempa v. Rhay, 389 U.S. 128 [88 S.Ct. 254, 19 L.Ed.2d 336] (1967), it is now found that petitioner presents an issue for appeal which is not 'plainly frivolous', and this court hereby certifies that petitioner, Gus Lindsey, Jr., has probable cause for such an appeal."

 We know of no provision for a belated appeal from the United States District Court to the United States Court of Appeals nor is any authority cited by either the district judge or the appellant. A timely notice of appeal is jurisdictional. Gradsky v. Commissioner of Internal Revenue, 218 F.2d 703, 704, (C.A.6); Kahler-Ellis Company, etc. v. Ohio Turnpike Commission, 225 F.2d 922, (C.A.6); Stuart v. Bomar, 261 F.2d 274, 275, (C.A.6); Casalduc v. Diaz, 117 F.2d 915, 916 (C.A.1), cert. den. 314 U.S. 639, 62 S.Ct. 74, 86 L.Ed. 512; Napier v. Delaware, Lackawanna and Western R. Co., 223 F.2d 28, 31, (C.A.2); Donovan v. Esso Shipping Company, 259 F.2d 65, 68, (C.A.3), cert. den. 359 U.S. 907, 79 S.Ct. 583, 3 L.Ed. 2d 572; Lejeune v. Midwestern Ins. of Oklahoma City, Okl., 197 F.2d 149 (C.A.5); Knowles v. United States, 260 F. 2d 852, 854, (C.A.5); Allen v. Schnuckle, 253 F.2d 195, (C.A.9); Stone v. Wyoming Supreme Court, 236 F.2d 275, 276, (C.A.10); Lobato v. Pay Less Drug Stores, 261 F.2d 406, 408, (C.A.10); United States v. Buford, 165 F.Supp. 940, 941, (E.D.Wis.), aff. 337 F.2d 439, (C.A.7). Jurisdiction cannot be waived, consented to or conferred on the court by the parties.

Rule 73(a) of the Federal Rules of Civil Procedure in effect at the time appellant's petition was denied provided that a notice of appeal must be filed within thirty days of the entry of final judgment except in case of excusable neglect of the appealing party learning of the date of the entry of final judgment. In such case the time may be extended thirty days. Rule 4(a) of the Federal Rules of Appellate Procedure effective July 1, 1968 provides,

"Upon a showing of excusable neglect, the district court may extend the time for filing the notice of appeal by any party for a period not to exceed 30 days from the expiration of the time otherwise prescribed by this subdivision."

There was no finding of excusable neglect and indeed there could not be for the appellant knew when the final judgment was entered because he filed a petition for rehearing and he knew that he had a right of appeal for he applied for a certificate of probable cause. However, under no circumstances was he entitled to an extension of more than thirty days in which to file a notice of appeal.

It is obvious that we acquired no appellate jurisdiction in this case and the appeal must therefore be dismissed.