**Wilfred C. RICE and Martha J. Rice, Plaintiffs-Appellants,**

v.

**COMMISSIONER OF INTERNAL REVENUE, Defendant-Appellee.**

**No. 77–1093.**

United States Court of Appeals, Sixth Circuit.

March 22, 1978.

Wilfred C. Rice, Detroit, Mich., for plaintiffs-appellants.

Myron C. Baum, Acting Asst. Atty. Gen., Gilbert E. Andrews, Gary R. Allen, Philip I. Brennan, Tax Div. U. S. Dept. of Justice, Mead Whitaker, Chief Counsel, Internal Revenue Service, Washington, D. C., for defendant-appellee.

ORDER

BEFORE EDWARDS, ENGEL and MERRITT, Circuit Judges.

Taxpayers appeal from a judgment of the Tax Court dismissing taxpayers' petition for redetermination of deficiency. The Tax Court dismissed on grounds that the petition was mailed one day later under 26 U.S.C. § 6213, which provides:

"*Within 90 days* . . . after notice of deficiency authorized in § 6212 is mailed . . . the taxpayer may file a petition with the Tax Court for a redetermination of the deficiency." (Emphasis added.)

The notice of deficiency to taxpayers was dated and mailed on April 30, 1976, and taxpayers' petition for redetermination of deficiency was mailed on July 30, 1976, one day late under the statute. Therefore, the Tax Court ruled that it was

without jurisdiction to redetermine the deficiency and we affirm. See *Gradsky v. Commissioner of Internal Revenue*, 218 F.2d 703 (6th Cir. 1954); *DiViaio v. Commissioner of Internal Revenue*, 176 U.S. App.D.C. 229, 232, 539 F.2d 231, 234 (1976). While the strict application of the 90-day rule may appear harsh on the surface, we should point out that taxpayers had an alternate means of challenging the Commissioner's determination by paying the assessment and then suing for refund in the appropriate district court under 26 U.S.C. § 7422.

While we understand taxpayers' argument that the best evidence of the date of mailing of the notice of deficiency would be the postmarked letter, that evidence, if it still exists, is solely within the control and possession of taxpayers and is not part of the record. The Commissioner has offered the next best evidence of mailing, namely, two receipts for certified mail bearing the date April 30, 1976.

On the basis of our review of the briefs and the record on appeal we therefore find that the issue below is unsubstantial and does not require oral argument. Rule 9, Rules of the United States Court of Appeals for the Sixth Circuit. Accordingly, it is *ordered* that the judgment of the Tax Court is hereby affirmed.