Wayne **BIGGS** and Melba Canegata Biggs

v.

**VIRGIN ISLANDS BOARD OF LAND USE APPEALS.**

Appeal of **TEN KIRKEGADE CORPORATION,** Intervenor.

No. 88–3674.

United States Court of Appeals, Third Circuit.

Argued April 26, 1989.

Decided Sept. 7, 1989.

---

Joel H. Holt (argued), Christiansted, St. Croix, U.S.V.I. for appellant.

Rosalie Simmonds Ballentine, Dept. of Justice, Charlotte Amalie, St. Thomas, U.S. V.I. for appellee Virgin Islands Bd. of Land Use Appeals.

Bruce Marshack (argued), Christiansted, St. Croix, U.S.V.I., for appellees Wayne and Melba Canegata Biggs.

Before HUTCHINSON, COWEN and GARTH, Circuit Judges.

OPINION OF THE COURT

HUTCHINSON, Circuit Judge.

I.

Ten Kirkegade Corporation (Kirkegade) appeals from a final order of the District Court of the Virgin Islands. Kirkegade, as intervenor, had filed a motion requesting that the district court dismiss Wayne and Melba Biggses' petition for a writ of review of a decision by the Board of Land Use Appeals (Board) because of late filing. Kirkegade argued that the July 27, 1988 petition was untimely because it was filed more than thirty days after the Board's June 14, 1988 decision. The district court rejected this argument, holding that under V.I.Code Ann. tit. 29, § 236(k) (Supp.1989) the time to file a petition begins to run when a "letter" is sent advising an applicant of the Board's decision and that the Board's action in mailing the Biggses a copy of the decision did not satisfy the statute. It therefore denied Kirkegade's motion and *sua sponte* entered a final order dismissing the petition as premature.

The district court erred in concluding that the petition was premature because no letter accompanied the copy of the Board's decision. We must therefore consider Kirkegade's contention that the Biggses' petition was late. The statute plainly requires notice of a decision before the time to seek review begins to run. Here the decision gave only the date on which it was issued. This left the notice itself undated. In such a case the thirty-day period for seeking review begins to run when the notice is sent, a date which the district court has not yet determined. We will therefore vacate the district court's order and remand the case to it to make the necessary determinations.

II.

On June 2, 1987, Kirkegade was issued a permit to construct condominiums in Christiansted, St. Croix. The Biggses, who reside directly across the street from the construction site and own other property nearby, allege that in September, 1987 they saw that construction was not proceeding in accord with the approved plans. They contacted the Permit Division of the Department of Public Works, which held a meeting on the matter. By letter dated November 10, 1987, the District Director of Permits rejected the Biggses' objections and advised them that an appeal could be taken to the Board. The Biggses filed such an appeal on December 1, 1987.

On June 14, 1988, after holding two public hearings and numerous executive sessions, the Board announced its decision. It rejected Kirkegade's argument that the Board lacked jurisdiction because the appeal was not filed within thirty days of the date the permit issued. Instead, the Board held that the appeal was timely since it was

filed within thirty days of the District Director's letter. Joint Appendix (Jt. App.) at 41.

On the merits, the Board held that the density of the project had been exceeded by a fractional amount, but concluded that this was inconsequential. *Id.* at 49. It also determined that while the structure occupied too great a proportion of the zoning lot this violation could be cured by Kirkegade's offer to dedicate a portion of a contiguous vacant lot to the building site. *Id.* at 50–52. Finally, the Board concluded that the basement and mezzanine of the building were "stories" within the meaning of V.I.Code Ann. tit. 29, § 225(92) (1975). Jt.App. at 47–49. It therefore agreed with the Biggses that the building had five stories and violated the building permit, which authorized a three-story structure. The Board nevertheless refused to order that the building be demolished or the two top stories removed. It reasoned that the question of whether the permit should be revoked was not before it and that "[u]nder the circumstances as presented in this case, the Board must render a decision which is fair and equitable." *Id.* at 52.

The Biggses petitioned for a writ of review in the district court on July 27, 1988. After obtaining permission to intervene, Kirkegade moved to dismiss the petition. It argued, *inter alia,* that the petition had to be filed within thirty days of June 14, the date of the Board's decision. The Biggses countered that the time for seeking review did not begin to run until June 29, when they first received the certified mail piece containing the decision. The Board, the nominal respondent in the district court, took no position on when the time for filing a petition commenced. It did, however, submit an affidavit stating that the decision had been sent by certified mail on June 24, which included a receipt for certified mail bearing the same date. Although the Biggses' attorney represent-

ed to the district court that the envelope is postmarked June 27, he did not produce it. *Id.* at 94. The Biggses have appended what is purportedly a copy of the envelope to their brief, but the postmark on that copy is illegible. The envelope itself does not appear in the record.

The district court *sua sponte* decided that under the governing statute the thirty-day period did not begin until the Board sent the Biggses a "letter" informing them of its decision. The court held that the decision mailed to the Biggses was not a letter and that the time to file a petition had not yet begun. Accordingly, it dismissed the petition as premature and ordered the Board to send the Biggses a letter in conformity with the statute.

We have jurisdiction over Kirkegade's appeal under 28 U.S.C.A. § 1291 (West Supp.1989).[1] We exercise plenary review over the district court's construction of the statute. *Universal Minerals, Inc. v. C.A. Hughes & Co.,* 669 F.2d 98, 101–02 (3d Cir.1981).

### III.

■ Section 236(k) states that a petition for a writ of review of a Board decision "shall be presented to the court within thirty (30) days from the date of the letter advising the applicant of the decision of the Board." V.I.Code Ann. tit. 29, § 236(k) (Supp.1989). The obvious purpose of this provision is to give an aggrieved party notice of the Board's decision so that he can, if he wishes, seek timely judicial review. If the decision mailed to the Biggses gave them notice within the meaning of the statute we see no reason to hold that it did not trigger the time for filing a petition because it does not contain a salutation and a closing, or otherwise fails to follow letter format.

The section of the statute requiring notice to the applicant does not distinguish a "letter" from any other form of notice. It

---

1. The court ordered the Board to provide an appropriate letter to the Biggses, dated not later than September 30, 1988, so that they could file a petition for review. The order stated that if the Board did not send the letter, the district court would reinstate the action. The letter was sent on September 29, 1988 and so, by the terms

of the order, the instant petition could not be reinstated. It is therefore abundantly plain that the district court's order has finally disposed of this petition for review. Kirkegade's October 3, 1988 notice of appeal is sufficient to invoke our jurisdiction.

provides that "[a]ny person who appeals to the Board shall be notified of the Board's decision on his appeal by certified mail within three (3) days after such decision is rendered." V.I.Code Ann. tit. 29, § 236(c) (1975). This provision does not specify either the form or content of the notice. Similarly, aside from the word "letter" in § 236(k), no other portion of § 236 speaks to these issues. As we see it the word "letter" in the statute refers to posting, the means by which effective notice is given, and not the form which it takes. Had the legislature wished to require that the posted notice be in the precise format of a letter, we would expect this requirement to be imposed directly in § 236(c)—which deals with notice to the "applicant"—rather than indirectly by conditioning the right to seek review on the mailing of a document with all the formal components of a letter.

The Biggses, however, argue that other parts of § 236, which do not measure time periods from the date of a "letter," show that the legislature intentionally chose not to equate an "order" or "decision" with a "letter." They note that the Board's action is final "unless an appeal is taken to the District Court of the Virgin Islands within thirty (30) days of the date upon which the applicant was officially notified of the Board's final action." V.I.Code Ann. tit. 29, § 236(c).[2] In addition, the Board may grant rehearing if an application "is made to the Board within thirty (30) days of the date upon which the applicant was notified of the Board's original action." Id.

Far from assisting the Biggses, these sections demonstrate that the key to § 236

is notice to the parties whom a Board decision affects. The statute states that a decision becomes final thirty days after an applicant is officially notified of the decision unless a petition for review is filed. Yet the petition itself could not be filed within that time unless the Board had sent an appropriate letter to the affected parties. It makes no sense to start the time for seeking review from the date of a letter, but define the time on which the Board's decision becomes final (which itself depends on whether the applicant seeks review) from the date of notice.[3] Likewise, we can see no reason why the legislature would choose to begin the time for requesting rehearing on one date and the time for filing a petition for review on another.

We are also unpersuaded by the Biggses' argument that other portions of the Virgin Islands Code demonstrate that the legislature intended that nothing but a "letter" could give the district court jurisdiction to review Board decisions under § 236. The Biggses point out that appeals may be taken to the Board from "any order, rule, or regulation of the Commissioner of Planning and Natural Resources or the Commissioner of Health ... by filing a written notice of ... appeal with the Board within thirty (30) days after receipt of the *order or ruling complained of.*" V.I.Code Ann. tit. 29, § 295(a) (Supp.1989) (emphasis added). They contend that the legislature intentionally chose not to use the highlighted language of § 295(a) in the notice provision of § 236 and that we must respect that decision. However, the language of the sub-sections of § 236 and their internal re-

---

**2.** Section 236(c) speaks of an "appeal" of the Board's decision to the district court. While this language also appears elsewhere in the statute, the procedure by which the district court reviews an action is more in the nature of a petition for a writ of review. *See* V.I.Code Ann. tit. 29, § 236(k) (applicant may present a petition and "court may allow a writ of certiorari"). Accordingly, we have used the terminology appropriate to a petition for review throughout this opinion.

**3.** If the ability to file a petition does not exist until a "letter" is sent, a party to whom the "letter" is sent more than thirty days after notice could file a petition, but could not vary the Board's decision. Our conclusion that the time

to seek review runs from the time a party is notified of the decision avoids this problem.

Of course, limiting valid notice of the decision to letter form would eliminate this difficulty. By reading the statute as simply requiring adequate notice, we have already rejected that limitation. Likewise, the fact that the district court may have erred in holding that it had no power to act on a petition filed before a letter was sent does not aid the Biggses' argument that a letter is required. An applicant who received notice— but not a letter—could then file a valid petition before the decision became final. A letter sent more than thirty days after the notice would, however, be meaningless. Unless the applicant had filed a petition within thirty days of the notice, he would be unable to obtain review.

lation do not justify the Biggses' reading. The use of other language in a separate portion of the code does not alter our conclusion that all that is required to start the time for filing a petition for review is mailing notice by certified mail.

## IV.

Having rejected the Biggses' arguments in support of the district court's order dismissing their petition as premature, we turn to Kirkegade's contention that the petition was too late. As stated earlier, § 236(k) requires that the petition be filed "within thirty (30) days from the *date of the letter advising the applicant of the decision* of the Board." V.I.Code Ann. tit. 29, § 236(k) (emphasis added). Kirkegade claims that the petition filed on July 27, 1988 is untimely because the Board's decision is dated June 14, 1988.

■ Kirkegade's argument assumes that the date of notice is the same as the date of decision. This assumption is wrong. A decision does not become notice to an affected party until the Board advises him of it. Accordingly, a copy of the decision, unaccompanied by any other document, does not determine the date of the notice for purposes of § 236(k).[4]

■ This leaves us with the question of when an undated notice starts § 236(k)'s thirty-day period. The statute provides

only that the clock starts on the date of the notice. Where the notice is itself undated we believe that beginning the thirty-day period on the date it is posted best accords with the statute's language and its purpose of providing reasonably effective notice at a readily determinable time.[5]

No other date would be superior. Moreover, in the absence of specific language official notice is generally effective when sent, not when received. *See, e.g., Stringer v. United States,* 776 F.2d 274, 275–76 (11th Cir.1985) (per curiam) (where official notice is sufficient if mailed, notice is given on the date it is mailed).[6] The date of posting will also apprise the applicant when the period begins and will usually be fairly easy to establish, either through the postmark on the envelope itself or the retained receipt for certified mail.[7] If the Board's official mail is dispatched when dated, the date on the retained receipt should be the same as the postmark on the envelope. In addition, the date of sending will usually coincide with the date that should have appeared on the undated notice.[8]

■ On this record, we cannot determine when the notice was posted. Kirkegade refers us to an affidavit submitted by the Board stating that the decision was mailed on June 24 which includes the retained receipt for certified mail bearing a June 24 stamp. The Biggses counter that the en-

---

**4.** The record in this case amply shows that the Board does not always give notice on the day it makes its decision.

**5.** Kirkegade argues that the district court has decided the time period commenced from the date of the decision and that we may not revisit the question absent a cross-appeal. Although the district court did comment on this issue, its statements are no more than *dicta* given its holding that the time period had not even begun to run. In any event, our holding that the notice was undated necessarily precludes any reliance on statements by the district court suggesting that the time period began to run from the date of the decision.

The district court also noted that a petitioner may be severely prejudiced if notice is not sent until well after it is dated. Since we conclude that the notice was undated, we need not (and do not) address the issue of whether delay in mailing a dated notice would affect the time in which to file a petition for review. If, unlike the present case, the Board were to follow the statutory command to notify an applicant of its

decision within three days of when it is rendered, V.I.Code Ann. tit. 29, § 236(c), this problem would not arise.

**6.** In the district court, the Biggses argued that under § 236 notice is effective when received. They have wisely abandoned this position.

**7.** The retained receipt for certified mail is prepared by the sender and is evidence of when a document is sent. It should not be confused with the return receipt, which shows when the document is received.

**8.** Kirkegade argues that the Biggses would not be prejudiced were we to measure the thirty day period from June 14, since they admit receiving a copy of the decision on June 29 and so had ample time to file a petition by July 14. Given our conclusion that the notice was undated, the time for filing a petition did not begin to run on June 14. This argument therefore fails.

We also reject the analogy Kirkegade draws to an appeal from a federal district court to a

velope containing the decision is postmarked June 27, 1988. If this is so, the petition may be timely. The Biggses' claim, however, is not supported in the record before us, which remains factually undeveloped because of the district court's erroneous legal decision that nothing but a "letter" could satisfy the statute's notice requirement. We must therefore remand the matter to the district court so that it may make appropriate findings as to when the notice was posted.

If the envelope postmarked by the postal service shows a different date than the receipt for certified mail, the district court may decide that the postmark controls. Arguably, the Biggses had no way of knowing that the decision might have been mailed before the date on the postmark. *See, e.g., Traxler v. Commissioner,* 61 T.C. 97, 100 (1973) (postmark controls for determining time to file Tax Court petition because taxpayer will not have knowledge of date of certified mail deposit with Post Office and "mailing" in everyday parlance is equated with postmark; best evidence of postmark is postmark itself, and next best evidence is Commissioner's certified mail receipt), *modified,* 63 T.C. 534, 535–36 (1975) (marking believed to be postmark was really Post Office's "line date stamp" used for internal control purposes and taxpayer could not rely on such marking); *see also Rice v. Commissioner,* 572 F.2d 555, 556 (6th Cir.1978) (order) (where petitioner did not produce postmarked envelope, which was in his sole control, petition dismissed as untimely using date on Commissioner's receipts for certified mail, "the next best evidence of mailing"). The postmark may also provide a more reliable

method of determining when the notice was posted. Unlike the retained receipt for certified mail, it is not subject to the control of the party required to give the notice.[9] Of course, if the envelope is unavailable, the date of sending may be proved by other means. If the envelope is produced, the district court may have to satisfy itself that it is the envelope that contained the notice and not some other correspondence.[10]

### V.

For the reasons set forth above, we will vacate the order of the district court and remand for further proceedings consistent with this opinion.

court of appeals. Kirkegade notes that while the district court clerk is required to mail a copy of the order to the parties, the failure to receive notice of the entry of the order "does not affect the time to appeal or relieve or authorize the court to relieve a party for failure to appeal within the time allowed, except as permitted in Rule 4(a) of the Federal Rules of Appellate Procedure." Fed.R.Civ.P. 77(d). Rule 77(d) measures the time to appeal from the entry of the order on the docket. The Virgin Islands statute, on the other hand, measures the time for filing a petition from the date of notice and not from an entry in the Board's records.

9. In this case, the retained receipt may have been date stamped by the postal authority since the stamp bears the letters "USPS." *See* Board's Response to Kirkegade's Motion to Dismiss, Exhibit 2.

10. Section 236(c) requires that an applicant be "officially notified of the Board's final action." V.I.Code Ann. tit. 29, § 236(c). The parties have not addressed the issue of whether mailing the decision without any advice concerning its effect and finality satisfies this provision, thereby starting the thirty day clock. We express no opinion on this issue.