**WAYNE BIGGS and MELBA CANEGATA BIGGS, Petitioners**

**v.**

**VIRGIN ISLANDS BOARD OF LAND USE APPEALS, Respondent and TEN KIRKEGADE CORPORATION, Intervenor**

Civil Action No. 88-0253

District Court of the Virgin Islands

Div. of St. Croix

July 16, 1990

BRUCE MARSHACK, ESQ., St. Croix, V.I., *for Wayne and Melba Canegata Biggs*

Assistant Attorney General, St. Thomas, V.I., *for Virgin Islands Board of Land Use Appeals*

JOEL H. HOLT, ESQ., St. Croix, V.I., *for Ten Kirkegade Corporation*

BROTMAN, *Acting Chief Judge*

In accordance with the directive of the Court of Appeals for the Third Circuit in Biggs v. Virgin Islands Board of Land Use Appeals, 884 F.2d 108, 113 (3d Cir. 1989), this court held an evidentiary hearing on July 6, 1990 to determine whether the court should dismiss Wayne and Melba Biggses' petition for writ of review of a decision by the Board of Land Use Appeals ("Board") as untimely. For the reasons stated herein, this court will dismiss the petition.

## I. FACTS AND PROCEDURE

Ten Kirkegade Corporation ("Kirkegade") received a construction permit for condominiums in Christiansted, St. Croix, in June 1987. In September 1987, the Biggses, who live directly across the street from the construction site, contacted the Permit Division of the Department of Public Works, alleging that the construction did not comply with the approved plans. After a meeting, the District Director of Permits rejected the Biggses' objections and advised them that they could appeal to the Board by letter dated November 10, 1987. On December 1, 1987, the Biggses filed such an appeal.

On June 14, 1988, the Board held that the appeal was timely because the Biggses filed it within thirty days of the District Director's letter. On the merits, the Board concluded that Kirkegade had violated the building permit by constructing five stories instead of the approved three stories, but refused to order that Kirkegade remove the top two stories of the building. Finding that the issue of revocation of the permit was not before it, the Board declined to revoke the permit.

The Biggses petitioned for a writ of review in the District Court of the Virgin Islands, pursuant to V.I. Code Ann. tit. 29, § 236(k) (Supp. 1989), on July 27, 1988. The court granted Kirkegade permission to intervene. Kirkegade then filed a motion to dismiss the petition as untimely because the Biggses filed it more than thirty days after the Board's decision of June 14, 1988. The Biggses contended that the

thirty day period began on June 29, 1988 when they received the notice by mail. The district court concluded that the petition was premature because, under V.I. Code Ann. tit. 29, § 236(k) (Supp. 1989), the applicant must file a petition "within thirty (30) days from the date of the letter advising the applicant of the decision of the Board." Id. The court held that the decision the Board mailed to the Biggses was not a "letter" informing them of its decision, therefore, the time to file a petition had not yet started. The court dismissed the petition as premature and ordered the Board to send a letter to the Biggses that conformed to the statute.

Kirkegade appealed this decision to the Court of Appeals for the Third Circuit, which vacated the order of the district court and remanded. Biggs v. Virgin Islands Board of Land Use Appeals, 884 F.2d 108, 113 (3d Cir. 1989). The Third Circuit held that the word "letter" in the statute refers to posting, the means by which effective notice is given, and not the form which that notice takes. Id. at 111. The court noted that, when a decision is not dated, "beginning the thirty-day period on the date it is posted best accords with the statute's language and its purpose of providing reasonably effective notice at a readily determinable time." Id. at 112 (footnote omitted). The court further held that notice was effective when sent and not when received. Id. The date of posting, according to the court, was easily established either through the postmark on the envelope in which notice was sent or the date stamped on the retained receipt for certified mail. Id. Finding that the court could not determine the date of posting on the record before it, it vacated the order of the district court dismissing the petition and remanded so the district court could make appropriate findings as to when the notice was posted. Id. at 113.

On July 6, 1990, this court held an evidentiary hearing to determine the date of posting. Counsel for the Biggses contended that the original envelope, which cannot be located, bore a postmark of June 27, 1988. He submitted an affidavit that stated, in pertinent part, that his clients sent the Board's order and the original envelope to him and that he noted the postmark was June 27, 1988. He then made an entry on his calendar that July 27, 1988 was the last day to file the petition for writ of review with the district court. He tried to settle the matter but, when it was still unresolved on July 27, 1988, he filed the petition for writ of review. The Biggses also submitted a photocopy of the envelope in which they received the Board's decision, however, even the best copy did not bear a legible postmark.

The Board submitted an affidavit stating that the decision was mailed on June 24, 1988 and a retained receipt for certified mail

which bears a June 24, 1988 stamp of the United States Postal Service. Mr. Davis, the postmaster at the Charlotte Amalie, St. Thomas Post Office, testified that receipts for certified mail are stamped with the date the piece is submitted to the United States Postal Service for mailing. He stated that the Postal Service would stamp the retained receipt if the piece was presented for mailing, but not if the piece was presented only for weighing.

The Biggses rebutted with testimony that it was the practice in the Attorney General's office, which is located in the Charlotte Amalie Post Office building, to weigh the piece of mail at the post office, then to return to the Attorney General's office to put it through a postage meter, and to place the piece in the internal mail system as outgoing mail. If placed in the system after 3 p.m., the mail left the Attorney General's office the following business day. In either case, the retained receipt and return receipt were prepared by the Attorney General's office and not by the Postal Service.

## II. DISCUSSION

The Court of Appeals for the Third Circuit has determined that, when a decision of the Board is undated, the date of posting is the date that starts the thirty day time period in which to file a petition for writ of review in the district court. 884 F.2d at 112. To show the date of posting, the district court may consider the postmark on the envelope or the date on the retained receipt. Id. The court noted that, if the Board's mail is dispatched when dated, the date on the retained receipt should be the same as the postmark on the envelope and that date should match the date that should have appeared on the undated notice. Id. Nonetheless, the court recognized that the envelope's postmark could show a different date than the retained receipt. Id. at 113. Noting that the postmark might provide a more reliable method of determining when the notice was posted because, unlike the retained receipt, it is not subject to the control of the party required to give notice and the party receiving notice could not know if the decision were mailed before the date on the postmark, the Third Circuit remanded the matter to this court to determine the date of posting. Id.

Other courts have held that, when petitioner cannot produce the postmarked envelope, which was in his sole control, the court may use "the next best evidence of mailing," that is, the retained receipt to determine whether the petition is untimely. Rice v. Commissioner, 572 F.2d 555, 556 (6th Cir. 1978) (order) (petition dismissed as untimely). See also Traxler v. Commissioner, 61 T.C. 97, 100 (1973) (best evidence of posting is postmark, next best evidence is certified mail receipt), modified, 63 T.C. 534 (1975) (date of posting derived from retained receipt where mark believed to be postmark was not).

■ Here, the Biggses were not able to produce the envelope in which they received the decision; they submitted only an illegible copy. Despite efforts to do so, the court cannot ascertain whether the date on the postmark is, as the Biggses contend, June 27, 1988. The Board submitted the retained receipts for certified mail stamped with date June 24, 1988 by the Postal Service. Kirkegade presented testimony that the retained receipt is stamped only when the mail is turned over to the Postal Service. Notwithstanding the testimony presented by the Biggses concerning the procedures of the United States Attorney's Office in Charlotte Amalie that office personnel frequently prepared its own retained receipts and return receipts and presented pieces to the Postal Service for weighing but not for mailing, the postmaster stated that the Postal Service would not stamp the retained receipt unless that person turned over the mail to the Postal Service. Despite the possibility that the retained receipt was stamped Friday, June 24, 1988 but the envelope's postmark read Monday, June 27, 1988, the court must conclude, on the evidence presented, that the thirty day period in which to appeal the Board's decision started running on June 24, 1988. Thus, the Biggses' petition, filed July 27, 1988, was untimely.

## III. CONCLUSION

■ This court has concluded, on the evidence presented, that the Biggses' petition for review of the Board's decision was untimely. The court will dismiss the petition.

An appropriate order will be entered.

## ORDER

This matter having come before the court on remand from the Court of Appeals for the Third Circuit for determination of the date of posting of the decision of the Board of Land Use Appeals; and

This court having considered the testimony and exhibits presented at an evidentiary hearing on July 6, 1990 and having heard the arguments of counsel;

IT IS on this 16th day of July, 1990 hereby

ORDERED that petitioners' petition for writ of review of the decision of the Board of Land Use Appeals is DISMISSED WITH PREJUDICE as untimely.