**Erma SCHRADER,**
**Petitioner–Appellant,**

v.

**COMMISSIONER OF INTERNAL REVENUE, Respondent–Appellee.**

**No. 88–1907.**

United States Court of Appeals,
Sixth Circuit.

Argued Jan. 30, 1990.

Decided Oct. 18, 1990.

---

Barbara C. Applegarth (argued), Frost & Jacobs, Cincinnati, Ohio, Erma Schrader, Louisville, Ky., for petitioner-appellant.

William F. Nelson, I.R.S., Gary R. Allen, Acting Chief, William S. Rose, Robert S. Pomerance, David English Carmack, Joel A. Rabinovitz (argued), U.S. Dept. of Justice, Appellate Section Tax Div., Washington, D.C., for respondent-appellee.

Before JONES and RYAN, Circuit Judges, and HILLMAN, Chief District Judge.[*]

PER CURIAM.

Appellant, Erma Schrader appeals the Tax Court's dismissal of her petition for review of a deficiency in her 1983 federal income tax. Because we find dismissal of one year of a multi-year petition is not a final appealable order, we dismiss this appeal for lack of jurisdiction.

I.

Appellee, the Commissioner of Internal Revenue, determined a deficiency in appellant's federal income tax for three years: 1983, 1984 and 1985. On March 8, 1988, the taxpayer filed a pro se petition for redetermination in the Tax Court objecting to any income tax deficiencies for all three years. The Commissioner moved to dismiss the taxpayer's petition as to tax year 1983 for the reason that it was untimely pursuant to 26 U.S.C. § 6213. On August 3, 1988, the Tax Court issued an order granting the Commissioner's motion and dismissing the 1983 claim, but still leaving the claims for 1984 and 1985 to be adjudicated. This appeal followed.

II.

■ While neither party addressed the issue of this Court's jurisdiction in its briefs and argument, we are obliged to raise it *sua sponte* whenever reason for inquiry exists. *Liberty Mutual Ins. Co. v. Wetzel*, 424 U.S. 737, 740, 96 S.Ct. 1202, 1204, 47 L.Ed.2d 435 (1976); *Ambrose v. Welch*, 729 F.2d 1084 (6th Cir.1984) (per curiam).

■ Our jurisdictional authority to review decisions of the Tax Court stems from 26 U.S.C. § 7482(a), which provides in pertinent part: "The United States Court of Appeals ... shall have exclusive jurisdiction to review the decisions of the Tax Court ... in the same manner and to the same extent as decisions of the district courts in civil actions tried without a jury." An appeal of this nature, challenging the dismissal of one year in a multi-year petition, in the civil context would require certification from the district court in order to be appealable. Fed.R.Civ.P. 54(b). However, because no analogue to this certification procedure applies to the Tax Court, the appealability of this order remains an open question.

The definition of "decision" for the purposes of determining appealability under 26 U.S.C. § 7482(a) was specifically addressed by this Circuit in *Sampson v. Commissioner of Internal Revenue*, 710 F.2d 262 (6th Cir.1983). Factors we considered relevant to the appealability question there included whether the order would be reviewable later, should the immediate appeal be re-

* The Honorable Douglas W. Hillman, Chief Judge of the United States District Court for the West-

ern District of Michigan, sitting by designation.

 

fused, and whether the ruling disposed of the entire case. *See also, Louisville Builders Supply Co. v. Commissioner of Internal Revenue,* 294 F.2d 333 (6th Cir. 1961).

Applying these factors to the instant case counsels us to conclude that the Tax Court's order is not appealable at this juncture. Obviously an order pertaining only to one year of a multi-year petition does not dispose of the entire case. Furthermore, the taxpayer is in no way impeded from challenging the Tax Court's order regarding the 1983 deficiency upon resolution of the remaining claims.

We reach the same conclusion under the analysis applied with respect to district court cases under the final judgment rule embodied in 28 U.S.C. § 1291. Determining whether or not an order is a final decision "requires that 'the inconvenience and costs of piecemeal review' be weighed against 'the danger of denying justice by delay.'" *United States v. Michigan,* 901 F.2d 503, 506 (6th Cir.1990), *quoting Gillespie v. United States Steel Corp.,* 379 U.S. 148, 152, 85 S.Ct. 308, 311, 13 L.Ed.2d 199 (1964). The court, as well as the public, has a compelling interest in avoiding multiple appeals from a single proceeding whenever possible. Justice will not be compromised by requiring that appeals from a multi-year petition be brought together upon final disposition of the claim. Indeed, in many instances consideration of all related claims together enhances the decision-making process.

Other circuits confronted with this issue have reached divergent results. While at least two other circuits have implicitly held such orders would be appealable, *see, Commission of Internal Revenue v. Smith Paper, Inc.,* 222 F.2d 126, 129 (1st Cir.1955); *Wilson v. Commissioner of Internal Revenue,* 564 F.2d 1317 (9th Cir.1977) (per curiam), *cert. denied,* 439 U.S. 832, 99 S.Ct. 110, 58 L.Ed.2d 127 (1978), only the Second Circuit squarely addressed the issue. In *Estate of Yaeger v. Commissioner of Internal Revenue,* 801 F.2d 96, 98 (2nd Cir. 1986) the Second Circuit held that "Tax Court decisions are appealable only if they

dispose of an entire case." For the foregoing reasons, we adopt the Second Circuit's reasoning and hold that until the Tax Court dispositively rules upon the taxpayer's claims for 1984 and 1985, this court does not have jurisdiction over the appeal.

Therefore, this appeal is DISMISSED for lack of appellate jurisdiction.