991 F.2d 796
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Erma M. SCHRADER, Petitioner-Appellant,
v.
COMMISSIONER OF INTERNAL REVENUE, Respondent-Appellee.
 No. 92-1825.
 United States Court of Appeals, Sixth Circuit.
 April 2, 1993.
 
 On Appeal from the United States Tax Court, Nos. 4724-88, 14566-89.
 U.S.T.C.
 AFFIRMED.
 BEFORE KENNEDY, NORRIS and SUHRHEINRICH, Circuit Judges.
 PER CURIAM.
 
 
 1
 Petitioner-appellant Erma M. Schrader appeals the United States Tax Court's dismissal of her petition for review of the Commissioner of Internal Revenue's finding of income tax deficiencies for the tax year 1983 and the United States Tax Court's decisions in regard to her petitions for review of the Commissioner of Internal Revenue's finding of income tax deficiencies for the tax years 1984 through 1987. Finding no errors of law or fact, we order the judgment of the United States Tax Court affirmed.
 
 I.
 
 2
 After auditing petitioner's tax returns for the tax year 1983, the Commissioner of Internal Revenue ("Commissioner") issued a notice of deficiency on April 13, 1987. Similarly, after auditing petitioner's tax returns for 1984 and 1985, the Commissioner issued a notice of deficiency on February 25, 1988, and after auditing petitioner's tax returns for 1986 and 1987, the Commissioner issued a notice of deficiency on June 7, 1989. On March 8, 1988, petitioner filed a petition to the United States Tax Court contesting her liability for income tax for 1983, 1984, and 1985. On June 22, 1989, petitioner filed a similar petition for 1986 and 1987.
 
 
 3
 Because the petition challenging the tax year 1983 liability had been filed more than 90 days after issuance of the notice of deficiency for that year, the period allowed for filing for redetermination under 26 U.S.C. § 6213, the Tax Court dismissed the petition with respect to that year for lack of jurisdiction. The Tax Court consolidated petitioner's petitions for the remaining years, 1984 through 1987. During trial, the Tax Court warned petitioner that she had not provided adequate documentation for her challenges and had otherwise not met her requisite burden. In addition, the Tax Court indicated specific examples of misstatements of fact by petitioner to the Tax Court. On February 12, 1992, the Tax Court issued oral findings, and on May 22, 1992 issued separate written decisions. The Tax Court substantially sustained the findings of the Commissioner, reducing some of the items. The Commissioner does not appeal these reductions. The deficiencies sustained by the Tax Court include failure to report interest income, deducting losses for a business not operated for profit, failure to report rental income, deducting undocumented net operating loss carryforwards, failure to report unidentified income, and miscalculation of depreciation.
 
 II.
 
 4
 Petitioner first contests the Tax Court's dismissal of her challenge to the Commissioner's 1983 deficiency finding.[1] Under 26 U.S.C. § 6213(a), a taxpayer may file for redetermination of a tax deficiency decision by the Commissioner if she does so within 90 days of mailing of the notice of deficiency. The Commissioner mailed the notice of deficiency for the 1983 year to petitioner on April 13, 1987. The Commissioner provided a postal receipt for certified mail to the Tax Court, and it is in the record. Certified mail is adequate service of a tax deficiency. Rice v. Commissioner, 572 F.2d 555, 556 (6th Cir.1978). The deficiency notice was mailed to petitioner's last known address. Mailing to the last known address starts the running of the 90-day period allowed under section 7462(a) regardless of when the notice was received. Wilson v. Commissioner, 564 F.2d 1317, 1319 (9th Cir.1977), cert. denied, 439 U.S. 832 (1978). The address to which the deficiency notice was mailed is also the address listed by petitioner in her brief to this Court. Petitioner filed her petition for redetermination with the Tax Court on March 8, 1988, far more than 90 days after April 13, 1987. As a result, the Tax Court was correct in dismissing her challenge to the 1983 deficiency for lack of jurisdiction. Rice, 572 F.2d at 555-56.
 
 III.
 
 5
 Petitioner also contests the Tax Court's determinations of her deficiencies for the years 1984, 1985, 1986, and 1987. The brief filed by petitioner pro se is confusing and vague. Further, it contains no specific allegations of error which are supported by detailed calculations based on documents in the record. The Tax Court was presented with a similar brief and did a commendable job of investigating the determinations of the Commissioner. The taxpayer bears the burden of proving that the Commissioner's deficiency determinations are incorrect. Welch v. Helvering, 290 U.S. 111, 115 (1933). Here, the Tax Court specifically held that petitioner had failed to meet that burden. The findings of the Tax Court should not be disturbed unless clearly erroneous. Commissioner v. Duberstein, 363 U.S. 278, 291 (1960); Kindred v. Commissioner, 669 F.2d 400 (6th Cir.1982). Upon review of the record and the briefs, we find no clear error by the Tax Court.
 
 
 6
 The largest deficiency found by the Commissioner and substantially sustained by the Tax Court, for example, involved disallowing losses resulting from the operation of a beauty supply shop. Petitioner claimed annual losses of $18,855.00, $17,698.53, $9,977.00, and $8,464.50. Under 26 U.S.C. § 183, no deduction attributable to a business is permitted unless the business is engaged in for profit. According to petitioner's own testimony, the beauty supply shop was only open one day per week, sold supplies by appointment only, did not advertise in any way, and had no checking account separate from petitioner's personal account. Petitioner testified that she put everything relating to the shop in her home kitchen. Annual gross receipts for the shop were $675.79, $598.66, $280.23, and $597.40. The Tax Court sustained the Commissioner's disallowance of the deductions based on the size of the losses in relation to gross receipts. It further based its decision on finding that petitioner failed to show the shop was operated in a businesslike manner, that she expended any significant time and effort on making the shop profitable, or that she maintained actual business records in relation to the operation of the shop. Petitioner points to no evidence in the record which would tend to show these findings to be clearly erroneous.
 
 IV.
 
 7
 Finally, numerous additions to tax were assessed to petitioner under 26 U.S.C. §§ 6621, 6653, and 6661. The Tax Court determined that a number of the additions made by the Commissioner were inappropriate, and disallowed them. In general, however, it sustained the additions. Nowhere in petitioner's brief do we find a documented challenge to the Tax Court's findings in relation to these additions. Accordingly, we affirm the Tax Court.
 
 V.
 
 8
 For the reasons stated above, we order the judgment of the Tax Court AFFIRMED.
 
 
 
 [1]
 After the Tax Court dismissed her 1983 claim, Schrader immediately appealed. On October 18, 1990, a panel of this Court held that dismissal of one year of a multi-year petition is not a final appealable order under the statute granting appellate authority to review Tax Court decisions, 26 U.S.C. § 7482(a). Schrader v. Commissioner, 916 F.2d 361 (6th Cir.1990). As a result, this Court did not have jurisdiction at that time to review the issue of the Tax Court's dismissal of the 1983 challenge. Id. The issue is now properly before us under 26 U.S.C. § 7482(a), resulting from an appealable final order. See Id. at 362-63