ESTATE OF Louis YAEGER, Deceased; Judith Winters, Raphael Meisels, Abraham K. Weber, and the Bank of New York, Executors, Petitioners-Appellees,

v.

COMMISSIONER OF INTERNAL REVENUE, Respondent-Appellant.

No. 1465, Docket 86–4039.

United States Court of Appeals, Second Circuit.

Argued June 27, 1986.

Decided Sept. 12, 1986.

Mary Francis Clark, Tax Div., Dept. of Justice, Washington, D.C. (Roger M. Olsen, Asst. Atty. Gen., Michael L. Paup, Richard Farber, Tax Div., Dept. of Justice, Washington, D.C., on the brief), for respondent-appellant.

Richard A. Levine, New York City, (Roberts & Holland, New York City, on the brief), for petitioners-appellees.

Before NEWMAN, CARDAMONE, and PIERCE, Circuit Judges.

JON O. NEWMAN, Circuit Judge:

The issue on this appeal from an order of the Tax Court (Lawrence A. Wright, Judge) is whether disposition of that portion of a proceeding concerning one of several tax years is appealable. We hold that it is not and therefore dismiss this appeal for lack of appellate jurisdiction.

After Louis Yaeger's death on May 11, 1981, his executors filed both a personal income tax return for Yaeger for the short tax year of January 1—May 11 and a fiduciary income tax return for the estate for the tax year beginning May 12, 1981. The Commissioner assessed deficiencies against Yaeger for 1979, 1980, and 1981. The notice of deficiency for 1981 incorrectly stated that the deficiency was for the taxable year ending December 31, 1981, when in fact, as a result of Yaeger's death, the tax year ended May 11. Yaeger's executors filed a petition for redetermination of the deficiencies for 1979, 1980, and 1981. After the proceeding as to all three years was underway in the Tax Court, the executors moved to dismiss that part of the proceeding relating to the deficiency for 1981, claiming that the notice of deficiency stated an incorrect taxable year and that without a sufficient notice of deficiency the Tax Court lacked jurisdiction. The Tax Court granted the executors' motion, and the Commissioner appealed. The balance of the Tax Court proceeding dealing with the deficiencies for 1979 and 1980 has been suspended pending the outcome of this appeal.

Our jurisdiction to review the Tax Court's decisions is conferred by 26 U.S.C. § 7482(a) (1982), which states: "The United States Courts of Appeals ... shall have exclusive jurisdiction to review the decisions of the Tax Court ... in the same manner and to the same extent as decisions of the district courts in civil actions tried without a jury." If the order in question, dealing with only one of several tax years, were that of a district court, it would, absent certification under Fed.R.Civ.P. 54(b), be an unappealable interlocutory order. It is an open question, however, whether such an order may be appealed when entered by the Tax Court, which lacks a certification procedure analogous to Rule 54(b). The answer is left unclear by the provision of the Internal Revenue Code purporting to identify when a "decision" of the Tax Court has been rendered:

> A decision of the Tax Court ... shall be held to be rendered upon the date that an order specifying the amount of the deficiency is entered in the records of the Tax Court.... [I]f the Tax Court dismisses a proceeding for lack of jurisdiction, an order to that effect shall be entered in the records of the Tax Court, and the decision of the Tax Court shall be held to be rendered upon the date of such entry.

26 U.S.C. § 7459(c). Focusing on "the deficiency" suggests that Tax Court rulings pertinent to specific years are separately appealable, whereas focusing on "a proceeding" suggests that only an order disposing of an entire case is an appealable decision.

This question has been considered by the courts of appeals rarely and with divergent results. In *C.I.R. v. Smith Paper, Inc.*, 222 F.2d 126, 129 (1st Cir.1955), the First Circuit, though not confronted with the issue, expressed the view that a Tax Court decision determining a deficiency for only

one year of a multi-year petition might well "not be deemed a final decision" but would probably be appealable despite the action remaining to be taken on the other years. More recently, in *Wilson v. C.I.R.*, 564 F.2d 1317 (9th Cir.1977) (per curiam), *cert. denied*, 439 U.S. 832, 99 S.Ct. 110, 58 L.Ed.2d 127 (1978), the Ninth Circuit held appealable an order of the Tax Court denying the taxpayers' motion to amend their petition to contest the Commissioner's determination of a deficiency for a previous tax year. The Court held that because the order had the effect of dismissing the taxpayers' petition as to the earlier tax year it was appealable even though the proceeding was still pending as to the year originally identified in the petition.

By contrast, a different panel of the Ninth Circuit held that, in calculating the time requirement for filing a notice of appeal under 26 U.S.C. § 7483, a consolidated action was a unitary proceeding for appellate purposes. *Lang v. C.I.R.*, 613 F.2d 770, 771–72 n. 1 (9th Cir.1980). In *Lang*, a gift tax case and an estate tax case, each concerning a separate determination of deficiency, were consolidated into a single action. The Tax Court wrote a single opinion covering both cases but then issued two "decisions." The Ninth Circuit ruled that the Commissioner's timely appeal of the estate tax case extended the taxpayer's time to appeal the gift tax case. If the two cases had not been treated as a single proceeding, the gift tax appeal would have been untimely.

We are persuaded that Tax Court decisions are appealable only if they dispose of an entire case. Though each tax year "is the origin of a new liability and of a separate cause of action," *Commissioner v. Sunnen*, 333 U.S. 591, 598, 68 S.Ct. 715, 719, 92 L.Ed. 898 (1948), it is not the basis for a separate appeal. Accepting jurisdiction of a Tax Court ruling dismissing a cause of action relating to a single tax year would not be review "in the same manner," 26 U.S.C. § 7482(a), as review of non-jury actions in the district courts. We therefore hold that the present action is not appealable because the balance of the proceeding is still pending in the Tax Court.

This result is mandated by the same considerations that underlie the final judgment rule with regard to district court cases. Courts have a compelling interest in avoiding multiple appeals from the same proceeding and the unnecessary workload and delays those appeals would inevitably generate. In addition, allowing immediate appeal of a Tax Court determination regarding a single year while other years in the same proceeding are still pending might create confusion as to the proper time to file an appeal. For example, under such a rule, a Tax Court opinion holding that the Commissioner properly determined deficiencies for some years but not others might or might not signal the need promptly to appeal those years as to which the Tax Court has nothing more to do. We see no reason to encourage such confusion. The better course is to hold that the Tax Court's entry of a formal decision document terminating a proceeding renders the action appealable and that appeal of an order concerning only one of several tax years is premature.

The appeal is dismissed for lack of appellate jurisdiction.