Charles E. SHEPHERD, Petitioner–Appellant,

v.

COMMISSIONER OF INTERNAL REVENUE, Respondent–Appellee.

Nos. 97–2951, 97–2952.

United States Court of Appeals, Seventh Circuit.

Submitted April 30, 1998.

Decided June 25, 1998.

Charles E. Shepherd (submitted), Evanston, IL, for Petitioner–Appellant.

Gary R. Allen, David I. Pincus, Kenneth L. Greene, Randolph L. Hutter, Department of

Justice, Tax Division, Appellate Section, Washington, Dc, for Respondent–Appellee.

Before POSNER, Chief Judge, and CUMMINGS and RIPPLE,Circuit Judges.

POSNER, Chief Judge.

■ Charles Shepherd's appeal from two orders of the Tax Court raises an important and, in this circuit, novel question of appellate jurisdiction with regard to one of the orders. The other order, in which the Tax Court dismissed for lack of jurisdiction Shepherd's petition complaining about his taxes for 1990 and 1996, is unproblematic and so we begin there. He did not attach to that petition a notice of deficiency, and the Internal Revenue Service cannot find any record of its having sent him such a notice with respect to those years. Without a notice of deficiency, Shepherd cannot file an action in the Tax Court under 26 U.S.C. § 6213, see id., § 6213(a); Laing v. United States, 423 U.S. 161, 165 n. 4, 96 S.Ct. 473, 46 L.Ed.2d 416 (1976); Murray v. Commissioner, 24 F.3d 901, 903 (7th Cir.1994), and none of the other statutes that confer jurisdiction on the Tax Court, such as 26 U.S.C. § 6861, regarding jeopardy assessments, or § 7477, relating to the value of gifts, is conceivably relevant to his action. The Tax Court was therefore right to dismiss that action, and so we affirm its order in No. 97–2952.

■ Shepherd's other action is similar but it relates to different tax years, namely 1991 through 1995. This time he did attach a notice of deficiency to his petition, but only for 1993, and again the IRS cannot find any notices for the other years. So the Tax Court dismissed the action relating to those years for lack of jurisdiction. But it retained on its docket so much of the action as relates to 1993. Shepherd has appealed from the dismissal of the part of the action that relates to the other years. That is our No. 97–2951 and we must decide whether we have jurisdiction of the appeal. The question presented—whether an order of the Tax Court finally resolving the disputes between the taxpayer and the IRS relating to some but not all of the tax years involved in the case before the court is appealable—has divided

the other circuits, see, e.g., InverWorld, Ltd. v. Commissioner, 979 F.2d 868, 873 (D.C.Cir. 1992); Schrader v. Commissioner, 916 F.2d 361 (6th Cir.1990) (per curiam), but we have never had occasion to decide it.

■ Section 7482(a)(1) of the Internal Revenue Code gives the courts of appeals jurisdiction "to review the decisions of the Tax Court ... in the same manner and to the same extent as decisions of the district courts in civil actions tried without a jury." This implies and all cases hold that we have jurisdiction to review only "final orders" of the Tax Court, Broadaway v. Commissioner, 111 F.3d 593, 595 (8th Cir.1997); Estate of Herrmann v. Commissioner, 85 F.3d 1032, 1035 (2d Cir.1996); InverWorld, Ltd. v. Commissioner, supra, 979 F.2d at 872; Cheng v. Commissioner, 878 F.2d 306, 309 (9th Cir. 1989); Ryan v. Commissioner, 680 F.2d 324 (3d Cir.1982), since that is the principle that governs our jurisdiction to review decisions by the district courts. 28 U.S.C. § 1291. But this can be only the starting point for analysis. There are exceptions created by statute, rule, and judicial doctrine to the principle that we can review only final decisions of the district courts. And the very concept of "finality" is ambiguous.

One way to deal with the exceptions and the ambiguity is to interpret section 7482(a)(1) to mean that we can review decisions by the Tax Court in exactly the same circumstances in which we can review decisions by the district courts. We would import into the review of the Tax Court's decisions all the doctrines, whatever their provenance, that limit or expand our review of district court decisions—notably decisions in tax refund cases. These are the closest counterpart in the district courts to proceedings in the Tax Court to adjudicate disputes over deficiencies. And close they are, the principal difference being that the taxpayer proceeds in Tax Court if he hasn't paid the tax assessed by the IRS and in the district court if he has and is therefore seeking a refund. 28 U.S.C. § 1346(a)(1); Commissioner v. Hendrickson, 873 F.2d 1018, 1021 (7th Cir.1989); Roach v. United States, 106 F.3d 720, 723 (6th Cir.1997). So one way to pose the precise issue in this

case is to ask whether, were this a refund suit and the district court had decided against the taxpayer with respect to some of the years for which he was seeking a refund but had yet to resolve the taxpayer's liability with respect to another year encompassed by the complaint, we would have jurisdiction over an appeal from the order dismissing some of the refund claims.

■ The answer is that we would only if the district judge had entered a separate judgment on those claims under Fed.R.Civ.P. 54(b), certifying that they were indeed separate claims (implying minimal factual overlap, see *Lawyers Title Ins. Corp. v. Dearborn Title Corp.*, 118 F.3d 1157, 1162 (7th Cir. 1997), and cases cited there), and that there was no just reason for delaying appellate review of the district court's decision disposing of them until the litigation in the district court was completely wound up. The Tax Court did not make such a certification here. It was not asked to. It is true that had it been asked it might have refused because the rules of the Tax Court contain no counterpart to Rule 54(b) of the Federal Rules of Civil Procedure. But we doubt that this would have been the court's response and it would not have been a proper one. Rule 1(a) of the Rules of Practice and Procedure of the United States Tax Court provides that "where in any instance there is no applicable rule of procedure, the [Tax] Court or the Judge [of that court] before whom the matter is pending may prescribe the procedure, giving particular weight to the Federal Rules of Civil Procedure to the extent that they are suitably adaptable to govern the matter at hand." See, e.g., *Michaels v. Commissioner*, 144 F.3d 495 (7th Cir.1998); *Fox v. Commissioner*, 718 F.2d 251, 255 (7th Cir.1983); *Estate of Proctor v. Commissioner*, 67 T.C.M. (CCH) 2943, 2944–45 (1994); *Adams v. Commissioner*, 85 T.C. 359, 374–75, 1985 WL 15386 (1985). Had Shepherd asked the Tax Court for a Rule 54(b)-type order, the court would have been empowered to enter it if the case satisfied the criteria of that rule. As there is no such order, we do not have jurisdiction if our appellate jurisdiction over decisions by the Tax Court is to be modeled closely on our appellate jurisdiction over decisions by district courts.

We think that it should be, and hence that the appeal should be dismissed. We are not pointed to any reason why appellate jurisdiction over Tax Court decisions should be configured differently from appellate jurisdiction over decisions of district courts; and again we note the anomaly of such a difference given the fact that the identical tax disputes can be litigated in either the Tax Court or the district court. It is a great and welcome simplification to treat the two appellate jurisdictions as identical rather than embark on the creation of a separate set of principles to govern the relatively infrequent occasions on which decisions by the Tax Court are brought to us for review. Nor are we given any reason to suppose that the absence of a Rule 54(b) clone from the rules of that court represents a judgment that appellate jurisdiction over decisions of the Tax Court should be either broader or narrower than the corresponding jurisdiction over the district courts. Either inference could be argued with equal force—that the omission of Rule 54(b) indicates that decisions by the Tax Court should be reviewable even if the standards of that rule cannot be satisfied or that they should not be reviewable even if those standards can be satisfied.

And finally it seems to us much the more sensible approach to insist on compliance with the standards of Rule 54(b). In its original form the rule did not require an order by the district judge certifying his order for an immediate appeal, and the result was a flood of appeals by parties uncertain whether a particular order had sufficient finality to be classified as "a judgment disposing of ... [a particular] claim." So the rule was changed to its current form in 1946. Without the gatekeeping element introduced by the 1946 amendment, a rule permitting appeals from partial judgments by the Tax Court would bring back all the problems that gave rise to the amendment. If there are to be such appeals, they should comply with requirements that for the last half-century have worked to protect the courts of appeals from the overuse of Rule 54(b) by parties concerned lest their failure to take an immediate appeal forfeit their appeal rights because the district court's order might later be

deemed to have been a partial final judgment that set the appeal clock ticking.

We acknowledge having heard of no disasters in those circuits which allow appeals from the Tax Court that do not comply with the standards of Rule 54(b), but neither have we heard of any injustices in the other circuits—from which we infer that there is nothing special about Tax Court proceedings that would make compliance with Rule 54(b) unworkable or unjust. It is true that the IRS can collect on a tax deficiency as soon as the Tax Court has decided all claims relating to a particular tax year, 26 U.S.C. § 7485(a); *InverWorld, Ltd. v. Commissioner, supra,* 979 F.2d at 872–73, but that is a reason why the court might if asked be more than usually willing to enter a Rule 54(b) judgment. As it was not asked here, the appeal in No. 97–2951 must be dismissed for lack of jurisdiction.

It is unfortunate that this jurisdictional issue has divided the circuits. The division could easily be ended through the rulemaking process in one of two ways. One is for the Tax Court, using its explicit rulemaking power, to adopt a version of Rule 54(b) as a rule of that court. Another is for the Supreme Court to use its rulemaking power to amend the Federal Rules of Appellate Procedure to provide explicitly for appeals from Tax Court decisions that meet the criteria of Rule 54(b). The Rules Enabling Act now expressly provides for rules "defin[ing] when a ruling of a district court is final for the purposes of appeal under section 1291." 28 U.S.C. § 2072(c). We do not read "district court" as a bar to a rule defining the finality of Tax Court rulings, given the symmetry that we have stressed throughout this opinion between the Tax Court in deficiency cases and the district courts in refund cases. But any doubt about our reading could of course be speedily dispelled by an amendment, purely technical in character, to section 2072(c).