**Lawrence V. BROOKES and Katherine T. Brookes, Petitioners–Appellants,**

v.

**COMMISSIONER OF INTERNAL REVENUE, Respondent– Appellee.**

No. 97–70363.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted March 11, 1998.

Decided Dec. 22, 1998.

Lawrence V. Brookes, pro se, San Francisco, California, for the petitioners-appellants.

Randolph L. Hutter, United States Department of Justice, Tax Division, Washington, D.C., for the respondent-appellee.

Before: Cynthia Holcomb Hall, Diarmuid F. O'Scannlain, and Harlington Wood, Jr.,* Circuit Judges.

WOOD, Circuit Judge:

Lawrence V. Brookes and Katherine T. Brookes ("Taxpayers") received a notice of deficiency issued by the Commissioner of Internal Revenue ("Commissioner"). Taxpayers petitioned the Tax Court for a redetermination of the notice of deficiency which was based on their personal income tax returns. In addition to challenging the notice, Taxpayers' petition included counts concerning income tax adjustments which had been determined at a prior partnership-level proceeding. The Commissioner filed a motion to dismiss for lack of jurisdiction that portion of Taxpayers' petition relating to the adjustments determined at the partnership-level proceeding. The Tax Court granted the Commissioner's motion to dismiss and stated that it lacked jurisdiction to review adjustments concerning partnership items from the partnership-level proceeding in an individual taxpayer's claim for redetermination of a notice of deficiency (which involved nonpartnership items). The only issue on appeal is

---

* Honorable Harlington Wood, Jr., Senior Circuit Judge, United States Court of Appeals for the Seventh Circuit, sitting by designation.

whether the Tax Court correctly granted the Commissioner's partial dismissal due to lack of jurisdiction. We conclude that we lack jurisdiction for want of an appealable final order and dismiss the appeal.

## I. BACKGROUND

A detailed background of the facts is necessary. During 1983 and 1984, Taxpayers were limited partners with less than a five percent interest in a partnership known as Barrister Equipment Associates Series 122 ("Barrister"). Pursuant to Internal Revenue Code ("IRC"), 26 U.S.C. §§ 6221–6233, the Commissioner conducted an administrative proceeding at the partnership level against Barrister. In 1989, the Commissioner issued a Notice of Final Partnership Administrative Adjustment ("FPAA") regarding Barrister's 1983 and 1984 tax years. In November 1989, Barrister's Tax Matters Partner ("TMP")[1] filed a petition in the Tax Court seeking a readjustment of the partnership items set forth in the FPAA. As permitted by 26 U.S.C. § 6226(c)(2), Taxpayers were granted permission to participate in that case.

On January 5, 1995, the Tax Court issued a decision in the Barrister proceeding. Barrister's TMP conceded the adjustments made by the Commissioner for 1983 and 1984. The decision denied losses claimed by Barrister, in addition to denying credits claimed for qualified investment property. In accordance with Tax Court Rule 248(a),[2] the TMP executed a stipulated decision document and certified that no party objected to the entry of the decision. Although Taxpayers claim

they were not informed of the stipulated decision prior to its execution as required by Rule 248(b),[3] they acknowledge receiving a copy of the Tax Court decision four days after it was entered on January 5. However, Taxpayers did not file a motion to vacate. The Tax Court's decision was not appealed and is now final.

On March 29, 1996, the Commissioner issued Taxpayers a notice of deficiency determining increases in their taxes for 1980[4] and 1983 based on their personal income tax returns. The increases arose from Taxpayers' interest in and claimed deductions and credits from Barrister. Separately, the Commissioner also issued Taxpayers two Notices of Tax Due on Federal Tax Return reflecting computational adjustments assessed against Taxpayers for the 1983 and 1984 tax years as a result of the Barrister proceeding.

On June 10, 1996, Taxpayers filed a timely petition in the Tax Court for a redetermination of deficiencies set forth in the March 29, 1996 notice of deficiency. The Taxpayers challenged (1) the tax, penalty, and interest determinations contained in the notice of deficiency for 1980 and 1983 and (2) the computational adjustments for 1983 and 1984 arising from the partnership proceeding.[5] The Commissioner filed a motion to dismiss that portion of the petition relating to adjustments to Taxpayers' 1983 and 1984 income tax attributable to their partnership items determined in the Barrister partnership proceeding. While the Commissioner conceded that Taxpayers may be entitled to a redeter-

---

1. According to 26 U.S.C. § 6231(a)(7):
   The tax matters partner of any partnership is-
     (A) the general partner designated as the tax matters partner as provided in regulations, or
     (B) if there is no general partner who has been so designated, the general partner having the largest profits interest in the partnership at the close of the taxable year involved (or, where there is more than 1 such partner, the 1 of such partners whose name would appear first in an alphabetical listing).

2. Tax Court Rule 248(a) states "[a] stipulation consenting to entry of decision executed by the tax matters partner and filed with the Court shall bind all parties."

3. Because we will not review this particular issue on the merits, we have not included the extensive text of Court Rule 248(b).

4. The addition to tax for 1980 was the result of an investment tax credit Taxpayers sought to carry back from 1983.

5. Although the first paragraph of Taxpayers' petition specifically states that they are seeking "a redetermination of the deficiencies set forth ... in the Commissioner's notice of deficiency ... dated March 29, 1996," Taxpayers also incorporated allegations concerning the computational adjustments assessed against them for the 1983 and 1984 tax years as a result of the Barrister proceeding. The 1983 and 1984 computational adjustments were *not* part of the notice of deficiency. Taxpayers had been notified of the 1983 and 1984 assessments by two separate Notices of Tax Due on Federal Tax Return.

mination hearing based on the notice of deficiency, he argued that the court did not have jurisdiction to consider previously determined partnership liability in the Taxpayers' personal tax case. For reasons not apparent to us, Taxpayers then cross-filed a motion to dismiss portions of their own petition concerning the 1983 and 1984 liabilities arising from the assessment of the partnership items at the Barrister proceeding.[6]

On January 3, 1997, the Tax Court entered an order granting the Commissioner's motion and denying Taxpayers' motion.[7] The court dismissed for lack of jurisdiction and struck from Taxpayers' petition the allegations (1) pertaining to the adjustments to partnership items affecting Taxpayers' income tax liability for 1983 and 1984 which arose from the Barrister proceeding and (2) assessments of income tax for 1983 and 1984 resulting from adjustments to such partnership items. The court held that the partnership liabilities could not be challenged in the context of Taxpayers' deficiency proceeding. The court restored the case to the general docket for disposition as to the notice of deficiency. Taxpayers appeal from this order.[8]

## II.  ANALYSIS

The initial determination to be made is whether the decision of the Tax Court was appealable and, if so, whether we have jurisdiction over this appeal.[9] The jurisdictional problem presented is whether an order of the Tax Court which resolves the disputes between the Taxpayers and the IRS relating to some but not all of the tax years involved in the case is appealable.

Under 26 U.S.C. § 7482(a), the Tax Code provides, "The United States Courts of Appeals ... shall have exclusive jurisdiction to review the decisions of the Tax Court ... in the same manner and to the same extent as decisions of the district courts in civil actions tried without a jury." The finality rule contained in 28 U.S.C. § 1291 granting courts of appeals jurisdiction from all "final decisions of the district courts" has been applied to review of decisions by the Tax Court. *Cheng v. C.I.R.*, 878 F.2d 306, 309 (9th Cir.1989); *see also Wilson v. C.I.R.*, 564 F.2d 1317, 1318 (9th Cir.1977) (per curiam) (citing *Porter v. C.I.R.*, 453 F.2d 1231, 1232 (5th Cir.1972) and 26 U.S.C. § 7482(a)). In *Wilson*, we held that courts of appeals "will review only final decisions of the Tax Court." *Wilson*, 564 F.2d at 1318. It is widely recognized that review of "final decisions" is a review only of "final orders" of the Tax Court. *Shepherd v. C.I.R.*, 147 F.3d 633, 634 (7th Cir.1998); *see Cheng*, 878 F.2d at 309; *see also Broadaway v. C.I.R.*, 111 F.3d 593, 595 (8th Cir.1997); *Estate of Herrmann v. C.I.R.*, 85 F.3d 1032, 1035 (2d Cir.1996); *InverWorld, Ltd. v. C.I.R.*, 979 F.2d 868, 872 (D.C.Cir.1992);

---

6. Reasoning from Taxpayers' arguments in their motion to dismiss for lack of jurisdiction, it would seem Taxpayers mistakenly used a motion to dismiss as a motion for summary judgment. In their motion, Taxpayers argued that they were not bound by the Tax Court's decision in the Barrister case because they did not have an adequate opportunity to be heard due to their lack of prior notice and lack of consent. They asserted that because no notices of deficiency were issued as to the 1983 and 1984 adjustments from the Barrister proceeding, the Tax Court should determine that the Commissioner's assessments against them were invalid (the implication being that the Tax Court should therefore find for Taxpayers on the "indisputable" merits of their argument).

7. In his order, the Tax Court judge did not address the anomaly of Taxpayers filing a motion to dismiss certain counts of their own petition, but did address each of Taxpayers' arguments. The court rejected Taxpayers' arguments that they had been denied due process, noting that the partnership provisions of the IRC have been held as not violating a taxpayer's right to due process.

The court also noted that Taxpayers had an opportunity to be heard in the Barrister proceeding but, by not filing a motion to vacate, had failed to assert that right.

8. We note that Taxpayers did not attach a copy of the Tax Court's order and opinion granting the Commissioner's partial dismissal motion and denying Taxpayers' partial dismissal motion, as required by Rule 30 of the Federal Rules of Appellate Procedure and our Circuit Rule 30–1.3(a). Nor did the Commissioner include this order and opinion in a supplemental excerpt of record, as required by Federal Rules of Appellate Procedure 30(b) (1967 Adoption) and our Circuit Rule 30–1.6. Omitting these materials hinders this court and may lead to sanctions. *See* Circuit Rule 30–2.

9. The Commissioner's brief correctly raised the jurisdictional question of whether the decision of the Tax Court was an appealable order in this case.

*Ryan v. C.I.R.*, 680 F.2d 324, 326 (3d Cir. 1982).

The subsequent determination of when an order is final is not always clear. *Cheng*, 878 F.2d at 309. In applying the finality requirement, the Supreme Court has described a final decision as a "decision by the District Court that 'ends the litigation on the merits and leaves nothing for the court to do but execute the judgment.'" *Coopers & Lybrand v. Livesay*, 437 U.S. 463, 467, 98 S.Ct. 2454, 2457, 57 L.Ed.2d 351 (1978) (quoting *Catlin v. United States*, 324 U.S. 229, 233, 65 S.Ct. 631, 633, 89 L.Ed. 911 (1945)). In *Cheng*, we interpreted this standard to mean that "an order must conclusively terminate the litigation in order to be considered final; an order that *may* terminate the proceeding is insufficient." *Cheng*, 878 F.2d at 310. However, difficulties arise in determining what is a final order for parties in multiclaim litigation.

In non-tax multiclaim cases, the Supreme Court promulgated Federal Rule of Civil Procedure 54(b), which allows a district court to enter a final judgment on a completed claim in a multiclaim case and certify it for an immediate appeal.[10] Rule 54(b) "does not relax the finality required of each decision ... but it does provide a practical means of permitting an appeal to be taken from one or more final decisions ... in multiple claims actions, without waiting for final decisions to be rendered on *all* the claims in the case." *Sears, Roebuck & Co. v. Mackey*, 351 U.S. 427, 435, 76 S.Ct. 895, 899, 100 L.Ed. 1297 (1956) (emphasis in original), *superceded by rule as stated in Horn v. Transcon Lines, Inc.*, 898 F.2d 589 (7th Cir.1990). If the appellate court determines that the district court properly certified a claim under Rule 54(b), then it may consider the appeal of the claim that was part of a multiclaim action. *See Aetna Casualty & Sur. Co. v. Sheft*, 989 F.2d 1105, 1106 (9th Cir.1993).

The question of whether an order of the Tax Court is final when that final order resolves disputes relating to some but not all of the tax years involved, has divided the circuits. *See, e.g., InverWorld*, 979 F.2d at 875 (holding that Tax Court order disposing of one or more but not all joined claims is appealable); *Schrader v. C.I.R.*, 916 F.2d 361, 363 (6th Cir.1990) (holding that appellate court lacked jurisdiction to review Tax Court order pertaining to only one year of a multi-year petition because order did not dispose of "entire case"); *Estate of Yaeger v. C.I.R.*, 801 F.2d 96, 98 (2nd Cir.1986) (holding that appellate court lacked jurisdiction to review Tax Court order granting taxpayer's motion to dismiss affecting one year of a multiple-year dispute because Tax Court had not disposed of "entire case").

In *Shepherd*, the Seventh Circuit addressed the issue of finality in examining jurisdiction over a Tax Court case which resolved disputes relating to some but not all of the tax years involved in the case. 147 F.3d at 634. The court stated that,

> One way to deal with the exceptions and the ambiguity [of what is a final decision] is to interpret section 7482(a)(1) to mean that we can review decisions by the Tax Court in *exactly* the same circumstances in which we can review decisions by the district courts. We would import into the review of the Tax Court's decisions all the doctrines, whatever their provenance, that limit or expand our review of district court decisions....

*Id.* (emphasis added). In an opinion written by Chief Judge Posner, the court held that appellate jurisdiction over decisions by the Tax Courts should be modeled as closely as possible on appellate jurisdiction over decisions by district courts:

> We are not pointed to any reason why appellate jurisdiction over Tax Court decisions should be configured differently from

**10.** Fed.R.Civ.P. 54(b) (West 1998) provides in part:

> When more than one claim for relief is presented in an action ... the court may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay and upon an express

> direction for the entry of judgment. In the absence of such determination and direction, any order or other form of decision, however designated, which adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties shall not terminate the action....

appellate jurisdiction over decisions of district courts; and again we note the anomaly of such a difference given the fact that the identical tax disputes can be litigated in either the Tax Court or the district court.

*Id.* at 635. The Seventh Circuit also noted that, while the Tax Court did not have a counterpart of Rule 54(b) of the Federal Rules of Civil Procedure, under the language of § 7482(a)(1), a separate judgment on the claims to be appealed may be made under Rule 54(b). *Id.* In this manner, the Tax Court may certify that the claims were separate claims and that there would be no just reason for delaying appellate review of the Tax Court's decision disposing of them until the complete litigation in the Tax Court was finalized. *See id.* The court held that the Tax Court has the authority to entertain and dispose of such an order:

> Rule 1(a)of the Rules of Practice and Procedure of the United States Tax Court provides that "where in any instance there is no applicable rule of procedure, the [Tax] Court or the Judge [of that court] before whom the matter is pending may prescribe the procedure, giving particular weight to the Federal Rules of Civil Procedure to the extent that they are suitably adaptable to govern the matter at hand."

*Shepherd,* 147 F.3d at 635 (citations omitted) (alteration in original).

We view the holding in *Shepherd* as the most definitive interpretation of Tax Court jurisdiction which follows the Supreme Court's recent emphasis on jurisdiction in *Steel Co. v. Citizens For A Better Environment,* 523 U.S. 83, 118 S.Ct. 1003, 140 L.Ed.2d 210 (1998).

> While some … cases must be acknowledged to have diluted the absolute purity of the rule that Article III jurisdiction is always an antecedent question, none of them even approaches approval of a doctrine of "hypothetical jurisdiction" that enables a court to resolve contested questions of law when its jurisdiction is in doubt…. The statutory and (especially) constitutional elements of jurisdiction are an essential ingredient of separation and equilibration of powers, restraining the courts from acting at certain times, and

even restraining them from acting permanently regarding certain subjects.

*Id.* at 1016 (citations omitted). The Court noted that the Ninth Circuit had entitled the practice of " 'assuming' jurisdiction for the purpose of deciding the merits" as the "doctrine of hypothetical jurisdiction." *Id.* at 1012. The Court expressed disapproval of "hypothetical jurisdiction," which "enables a court to resolve contested questions of law when its jurisdiction is in doubt," *id.* at 1016, and refused to endorse this approach to jurisdiction because "it carries the courts beyond the bounds of authorized judicial action and thus offends fundamental principles of separation of powers." *Id.* at 1012. The Court held that "every federal appellate court has a special obligation to 'satisfy itself not only of its own jurisdiction, but also that of the lower courts in a cause under review,' even though the parties are prepared to concede it." *Id.* at 1013 (citations omitted). The Court stated unequivocally, "[f]or a court to pronounce upon the meaning or the constitutionality of a state or federal law when it has no jurisdiction to do so is, by very definition, for a court to act ultra vires." *Id.* at 1016; *see also Legal Aid Society of Hawaii v. Legal Services, Corp.,* 145 F.3d 1017, 1029–30 (9th Cir.1998).

■ Under the Supreme Court's holding in *Steel,* we find that the jurisdictional holding in *Wilson,* which allowed appellate reviewability of separate tax years in a multiyear claim without any certification as to the finality of the order, was a determination of "hypothetical jurisdiction." In *Wilson,* taxpayers sought redetermination for the tax year 1972. *Wilson,* 564 F.2d at 1318. Taxpayers' motion to amend the petition to include 1971 was denied by the Tax Court for lack of jurisdiction. *Id.* We held the dismissal order as to 1971 was appealable. *Id.* at 1319. In *Wilson,* we considered each tax year separately. *See id.* at 1318–19. Subsequently, we found that when a final decision has been entered with respect to a single tax year in a case where there are multiple year claims, that order is final and appealable. *Id.* at 1319. However, in light of the Court's rejection of "hypothetical jurisdiction" and the Seventh Circuit's clear reasoning on Tax Court jurisdiction and appealability, and in

order to set clear guidelines concerning jurisdiction for the many tax cases to come, we must qualify the holding in *Wilson* and require that the same procedures for appellate review of district court cases be applied to Tax Court cases to be able to review separate taxable years in a multiyear tax case or separate claims in a multiclaim case. There is no reason why we should treat Tax Court cases (which may be brought in Tax Court or district court) as requiring a separate set of rules and procedures. Treating appellate jurisdiction over the Tax Courts as identical to appellate jurisdiction over district courts greatly simplifies an already overburdened appellate system and assists in judicial efficiency. Although the ultimate outcome may be the same as the holding in *Wilson*, we would require a Rule 54(b) determination that the claims being presented for appellate review are certified as separate claims and that there is no reason for delaying our review. *See Shepherd*, 147 F.3d at 635.

We also note that while this approach would be in conflict with the procedure in *InverWorld*, it would also allow for the same outcome. *InverWorld*, 979 F.2d at 875, held that a Tax Court order disposing of one or more but not all joined claims is appealable. In *InverWorld*, two notices of deficiency were mailed separately on the same date to InverWorld. *Id.* at 870. The first notice concerned liability for withholding of income tax and other references to withholding taxes for 1984, 1985, and 1986. *Id.* The second notice concerned corporate income tax matters for 1984, 1985, and 1986. *Id.* InverWorld petitioned the Tax Court for a redetermination of deficiencies based only upon the first notice, although InverWorld's allegations were stated in a general fashion involving disputes over "income tax." *Id.* Because InverWorld's petition did not discuss "corporate" income tax deficiencies per se nor was there any reference to the second deficiency notice, once the statutory period for challenging a notice of deficiency had elapsed,[11] the Commissioner notified InverWorld that payment was due on the second notice of deficiency concerning the corporate

taxes. *Id.* At this point, InverWorld sought to amend the petition to specifically include the corporate income tax referred to in the second notice. *Id.* at 871. The Tax Court denied InverWorld's motion to amend. *Id.* InverWorld attempted to appeal the denial of its motion to amend, asserting that its original petition contained sufficient objective indications of an intent to dispute the corporate tax deficiencies to vest the Tax Court with jurisdiction over those claims. *Id.* Following the holding in *Wilson*, the District of Columbia Circuit held that it had jurisdiction to hear the appeal of InverWorld's motion to amend concerning the corporate tax issue, even though the withholding tax dispute for the same years was still pending. *Id.* Although the procedures as required in *Shepherd* differ from the procedures in *InverWorld*, an appeal based on the facts of *InverWorld* would be permitted with a Rule 54(b) certification that the denial of the motion to amend the petition was a separate claim.

We therefore dismiss this appeal. We agree with the Seventh Circuit that appellate jurisdiction over Tax Court decisions should be modeled on appellate jurisdiction over district court decisions and require compliance with the standards of Rule 54(b).

---

11. After receiving a notice of deficiency, a taxpayer has ninety days from the date of the notice, or 150 days if the notice is mailed to an address outside the United States, to contest the Commissioner's action by petitioning the Tax Court to "redetermine" the deficiency. *See* 26 U.S.C. § 6213(a).