UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 98-60258
_____

JIMMY G. NIXON; RITA L. NIXON,

Petitioners-Appellants,

versus

COMMISSIONER OF INTERNAL REVENUE,

Respondent-Appellee.

_____

Appeal from the Decision
of the United States Tax Court
_____

February 26, 1999

Before EMILIO M. GARZA, DeMOSS, and BENAVIDES, Circuit Judges.

PER CURIAM:

This case raises an issue of first impression for this Court concerning our appellate jurisdiction. Appellants, Jimmy and Rita Nixon, filed a petition with the Tax Court complaining about deficiency notices that were issued to them for the years from 1987 through 1991 and 1993 through 1996. After determining that deficiency notices had been issued to the Nixons only for the years 1994 and 1995, the Tax Court dismissed the Nixons' petition as to the other years for lack of jurisdiction. The Nixons then filed a notice of appeal to this Court. We now consider whether a Tax Court order disposing of only some of the claims in a taxpayer's petition is appealable and find that it is not.

We join the majority of the other circuit courts that have

considered this issue in finding that a decision by the Tax Court that does not dispose of all the issues presented in a taxpayer's petition is not a final order for purposes of an appeal. *See, e.g., Brookes v. Commissioner of Internal Revenue*, No. 97-70363, 1998 WL 887057 at \*4-5 (9th Cir. Dec. 22, 1998) (holding that an order partially disposing of a taxpayer's petition was not appealable); *Shepherd v. Commissioner of Internal Revenue*, 147 F.3d 633, 635 (7th Cir. 1998) (same); *Schrader v. Commissioner of Internal Revenue*, 916 F.2d 361, 363 (6th Cir. 1990) (same); *Yaeger v. Commissioner of Internal Revenue*, 801 F.2d 96, 97 (2d Cir. 1986) (same). *But see Inverworld, Ltd. v. Commissioner of Internal Revenue*, 979 F.2d 868, 871-75 (D.C. Cir. 1992). Therefore, unless the Tax Court enters a separate Rule 54(b)-type order indicating that there is no just reason for delaying appellate review of a partially resolved petition, this court lacks jurisdiction to hear an appeal until a final judgment is entered. In so holding, we expressly adopt the sound reasoning articulated in Judge Posner's decision for the Seventh Circuit in *Shepherd.*

As there was no Rule 54(b)-type order entered by the Tax Court in this case, the Nixons' appeal is DISMISSED for lack of jurisdiction.