

2003 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

11-5-2003

# NY Giants Football v. Commissioner IRS

Precedential or Non-Precedential: Precedential

Docket No. 02-4392

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2003

Recommended Citation

"NY Giants Football v. Commissioner IRS" (2003). *2003 Decisions.* Paper 88.
http://digitalcommons.law.villanova.edu/thirdcircuit_2003/88

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2003 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

PRECEDENTIAL

Filed November 4, 2003

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———————

No.: 02-4392

———————

NEW YORK FOOTBALL GIANTS, INC.,

Appellant

v.

COMMISSIONER OF INTERNAL REVENUE

———————

On Appeal From The United States Tax Court
(No. 8563-00)

Tax Judge: The Honorable John O. Colvin

———————

Argued September 19, 2003

BEFORE: McKEE, SMITH, *Circuit Judges*,
and SCHILLER,* *District Judge.*

(Opinion Filed: November 4, 2003)

> Michael A. Guariglia [Argued]
> Margaret C. Wilson
> McCarter & English, LLP
> Four Gateway Center
> 100 Mulberry Street
> Newark, New Jersey 07102
>
> Counsel for Appellant

———————

* Honorable Berle M. Schiller, District Judge for the United States
District Court for the Eastern District of Pennsylvania, sitting by
designation.

Eileen J. O'Connor
Kenneth L. Greene
Bridget M. Rowan [Argued]
Tax Division
Department of Justice
Post Office Box 502
Washington, D.C. 20044

Counsel for Appellee

## OPINION OF THE COURT

SMITH, *Circuit Judge*:

This case presents a question of our jurisdiction to review orders of the Tax Court under 28 U.S.C. § 7482(a)(1). Appellant New York Football Giants, Inc. (the "Giants") appeals from an order of the Tax Court dismissing its petition with respect to some, but not all, of the tax years at issue. The Tax Court determined that it lacked jurisdiction over the Giants' petition with respect to those years. The Tax Court did not make, nor was it asked to make, a determination of finality under Fed. R. Civ. P. 54(b) with respect to any particular tax year. We conclude that the Tax Court's order is not a final decision and that we lack jurisdiction over the Giants' appeal under section 7482(a)(1). We therefore do not reach the Giants' argument that the Tax Court had jurisdiction over its petition.

## I.

The Giants own and operate a professional football franchise in the National Football League ("NFL"). In 1993, the Giants elected to be treated as an S corporation under 26 U.S.C. (I.R.C.) §§ 1361 and 1362. The Internal Revenue Service ("IRS") audited the Giants and determined that the Giants owed taxes on built-in gains[1] accruing to it from the

1. Section 1374 of the Internal Revenue Code imposes a corporate level tax on certain "built-in gains," *i.e.*, gains recognized by the S corporation on the disposition of an asset during a 10-year period after the corporation becomes an S corporation. Built-in gain is measured by the appreciation of the asset that accrued prior to conversion to an S corporation. I.R.C. §§ 1374(a), (d)(3), (7); *see, e.g.*, *Colo. Gas Compression, Inc. v. Comm'r*, 116 T.C. 1, 2-3 (2001).

expansion of the NFL in 1993. The IRS issued a Notice of Deficiency to the Giants on May 18, 2000 for Fiscal Years Ending ("FYEs") 1996, 1997, and 1998. The Giants filed a petition in the United States Tax Court challenging the Notice of Deficiency for each of those years. In addition to disputing the recognition of built-in gains, the Giants alleged that, as to FYE 1997, the three-year statute of limitations under I.R.C. § 6501 had run.

The IRS conceded that the statute of limitations under I.R.C. § 6501 had expired. However, rather than accept judgment in favor of the Giants as to FYE 1997, the IRS moved to dismiss the Giants' petition with respect to FYE 1996 and 1997 for lack of jurisdiction. The IRS argued that its own Notice of Deficiency as to those years was invalid because the built-in gains tax liability had to be determined in a unified audit proceeding under I.R.C. §§ 6241-45. Under the unified procedures, the IRS must issue notice of final administrative adjustment before judicial review may be had in the Tax Court. I.R.C. §§ 6226, 6244. The Giants opposed the IRS's motion and cross-moved for entry of judgment as to FYE 1997.

The Tax Court agreed with the IRS that the built-in gains tax liability for FYEs 1996 and 1997 were subject to unified audit procedures. *New York Football Giants, Inc. v. Comm'r*, 117 T.C. 152 (2001). Because the IRS had not issued a notice of final administrative adjustment, the Tax Court entered an order dismissing the Giants' petition with respect to FYEs 1996 and 1997. However, the petition with respect to FYE 1998 was not affected because the statutes establishing the unified procedures were repealed, effective for tax years beginning after Dec. 31, 1996, by the Small Business Job Protection Act of 1996, Pub. L. No. 104-188 § 1307(c)(1), 110 Stat. 1781. Thus, the Giants' petition with respect to FYE 1998 is presently before the Tax Court.

The Tax Court denied the Giants' motion to reconsider the partial dismissal. Thereafter, the Giants moved the Tax Court to certify the partial dismissal for interlocutory appeal, reserving its contention that the dismissal was a final and immediately appealable judgment. The Tax Court denied the Giants' motion, concluding that "immediate appeal of the issues in this case will not materially advance

the ultimate termination of this case." *New York Football Giants, Inc. v. Comm'r*, 85 T.C.M. (CCH) 810 (2003).

The Giants now appeal the partial dismissal of their petition to this court. The Giants argue that the built-in gains tax liability for FYEs 1996 and 1997 is not subject to the unified audit procedures. Instead, the Giants maintain that these liabilities can only be determined through a notice of deficiency and that the Giants properly challenged the IRS's Notice of Deficiency in their petition.

Although not directly implicated in this appeal, a primary concern of the parties is the statute of limitations issue. During the audit, the IRS requested that the Giants and the Giants' shareholders execute separate agreements extending the limitations periods for the assessment of taxes for FYE 1997. Although the shareholders' representative agreed to an extension, the Giants refused to execute an agreement extending the statute of limitations. The IRS takes the position that, under the unified audit procedures, the extension agreed to by the shareholders extended the statute of limitations for both the shareholders and the Giants. If, however, the unified procedures do not apply and jurisdiction over the Giants' petition is proper, the Giants believe that they are entitled to judgment in their favor based on the running of the statute of limitations.

## II.

Appellate jurisdiction over Tax Court orders is established by I.R.C. 7482(a)(1), which provides: "The United States Courts of Appeals . . . shall have exclusive jurisdiction to review the decisions of the Tax Court . . . in the same manner and to the same extent as decisions of the district courts in civil actions tried without a jury . . . ." Jurisdiction under section 7482(a)(1), like our jurisdiction over district court decisions under 28 U.S.C. § 1291, extends only to a "final decision" of the tax court. *Ryan v. Comm'r*, 680 F.2d 324, 326 (3d Cir. 1982) (holding that denial of summary judgment motion is not final and appealable under section 7482(a)(1)); *Estate of Smith v. Comm'r*, 638 F.2d 665, 668 (3d Cir. 1981) (holding that

order denying intervention was final and appealable because, as in a district court proceeding, "[n]othing further would remain to be done on her petition and recourse, if any, would be through appeal").

A "final decision" generally is one that "ends the litigation on the merits and leaves nothing for the court to do but execute the judgment." *Coopers & Lybrand v. Livesay*, 437 U.S. 463, 467 (1978). Finality generally requires that a judgment dispose of all of the claims in a given case before an appeal may be taken. *E.g., Berckeley Inv. Group, Ltd. v. Colkitt*, 259 F.3d 135, 140 (3d Cir. 2001). This requirement reflects a long-recognized policy against "piecemeal litigation," *i.e.*, "[t]he case is not to be sent up in fragments." *Catlin v. United States*, 324 U.S. 229, 233 (1945); *see also Coopers & Lybrand*, 437 U.S. at 471 ("The finality requirement in § 1291 evinces a legislative judgment that [r]estricting appellate review to 'final decisions' prevents the debilitating effect on judicial administration caused by piecemeal appeal disposition of what is, in practical consequence, but a single controversy." (internal quotations omitted)).

In civil cases before the district courts, Federal Rule of Civil Procedure 54(b) relaxes the finality requirement "to avoid the possible injustice of a delay in judgment of a distinctly separate claim to await adjudication of the entire case." Fed. R. Civ. P. 54(b) advisory committee's note; *see Berckeley*, 259 F.3d at 140. Rule 54(b) provides:

> When more than one claim for relief is presented in an action, whether as a claim, counterclaim, cross-claim, or third-party claim, or when multiple parties are involved, the court may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment. In the absence of such determination and direction, any order or other form of decision, however designated, which adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties shall not terminate the action as to any of the claims or parties, and the order or other form of decision is subject to

> revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties.

Absent a Rule 54(b) determination, a district court decision dismissing some, but not all, of the claims before the court is not a "final" order that can be appealed. *E.g.*, *Maritime Elec. Co., Inc. v. United Jersey Bank*, 959 F.2d 1194, 1208-09 (3d Cir. 1991).

Rule 54(b) reflects a considered policy that the trial court is often in the best position to assess the finality of its own judgments and should therefore be relied on as a "dispatcher." *Sears, Roebuck & Co. v. Mackey*, 351 U.S. 427, 435 (1956) ("To meet the demonstrated need for flexibility, the District Court is used as a 'dispatcher.' "). Discretion to determine whether an immediate appeal should be allowed is, "with good reason, vested by the rule primarily in the discretion of the District Court as the one most likely to be familiar with the case and with any justifiable reasons for delay." *Id.* at 437.

The question raised in this appeal is whether a court of appeals has jurisdiction to review an order of the Tax Court dismissing some, but not all, of the disputed years in a petition. Although this is a question of first impression in this circuit, it has been addressed by several of our sister circuits, resulting in three distinct approaches. The D.C. Circuit permits appellate review of orders that finally dispose of any particular claims. *InverWorld v. Comm'r*, 979 F.2d 868, 875 (D.C. Cir. 1992). The Fifth, Seventh, and Ninth Circuits permit appellate review of orders dispensing of claims only where the Tax Court makes a Rule 54(b) determination that judgment as to those claims is final and immediately appealable. *Nixon v. Comm'r*, 167 F.3d 920 (5th Cir. 1999) (per curiam); *Brookes v. Comm'r*, 163 F.3d 1124 (9th Cir. 1998); *Shepherd v. Comm'r*, 147 F.3d 633 (7th Cir. 1998). Finally, the Second and Sixth Circuits do not permit appellate review of an order that does not dispose of the entire case. *Schrader v. Comm'r*, 916 F.2d 361, 363 (6th Cir. 1990) (per curiam); *Estate of Yaeger*, 801 F.2d 96, 97 (2d Cir. 1986).

Both the Giants and the IRS urge us to adopt the position of the D.C. Circuit in *InverWorld* and to exercise

jurisdiction over this appeal. The parties argue that the tax liability for each fiscal year establishes a separate cause of action, *Sunnen v. Comm'r*, 333 U.S. 591, 598 (1948), the disposition of which should be immediately final and appealable though the entire case is not concluded.

Our consideration of the three approaches taken by the various circuits that have addressed this issue leads us to the conclusion that the Seventh Circuit's decision in *Shepherd* provides the correct approach. *Accord Nixon*, 167 F.3d at 920 ("[W]e expressly adopt the sound reasoning articulated in Judge Posner's decision for the Seventh Circuit in *Shepherd*."); *Brookes*, 163 F.3d at 1128 ("We view the holding in *Shepherd* as the most definitive interpretation of Tax Court jurisdiction . . . ."). We believe that, if we are to exercise jurisdiction under section 7482(a)(1) "in the same manner and to the same extent" as under section 1291, a judgment disposing of less than all claims is not appealable unless it is accompanied by a determination that the order is final and that there is no just reason to delay. *Shepherd*, 147 F.3d at 635 (holding that, absent such a determination, "we do not have jurisdiction if our appellate jurisdiction over decisions by the Tax Court is to be modeled closely on our appellate jurisdiction over decisions by district courts"). We hold that, without such a determination, a judgment disposing of less than all claims is not final and appealable under section 7482(a)(1).

As a threshold matter, the parties' observation that each fiscal year provides a separate cause of action does not establish finality. In non-tax cases, multiple claims arising from distinct causes of action are routinely joined in a single complaint. Finality, however, generally requires that a judgment dispose of all of the claims in a given case before an appeal may be taken. *E.g., Berckeley*, 259 F.3d at 140.

The D.C. Circuit's decision in *InverWorld*, which the parties urge us to follow, is premised on that court's belief that there is no analog to Rule 54(b) in the Tax Court and, hence, no basis for "judicially imposing Rule 54(b) on the Tax Court." 979 F.2d at 875.[2] The D.C. Circuit therefore

---

2. The court in *InverWorld* did state emphatically that "[W]e do not find the absence of a Tax Court rule similar to Rule 54(b) at all relevant to

assumed the task of determining, in the first instance, whether a given order is immediately appealable.[3] *InverWorld* held that jurisdiction was appropriate in the case before it because "the injustice to the taxpayer (as well as the inconvenience to the Commissioner and the Tax Court) caused by delaying an appeal from what is essentially a dismissal of InverWorld's claim far outweighs the possible inconvenience to an appellate court in hearing two separate appeals." 976 F.2d at 873.

We do not agree with the premise of *InverWorld*. As the Seventh Circuit emphasized in *Shepherd*, Rule 1(a) of the Rules of Practice and Procedure of the United States Tax Court provides that "where in any instance there is no applicable rule of procedure, the [Tax] Court or the Judge [of that court] before whom the matter is pending may prescribe the procedure, giving particular weight to the Federal Rules of Civil Procedure to the extent that they are suitably adaptable to govern the matter at hand." *Shepherd*, 147 F.3d at 635 (quoting Tax Court Rule of Practice and Procedure 1(a)). The Tax Court thus has ample authority to make the sort of determination called for in Fed. R. Civ. P. 54(b). *Brookes*, 163 F.3d at 1128. We note that the Ninth Circuit, which had previously taken an approach similar to

---

our finality determination." 979 F.2d at 874. This statement, however, was made to reject the argument that Rule 54(b) altered the legal doctrine of finality: "Rule 54(b) does not 'create' finality under § 1291 where it does not already exist, it merely allows a district court formally to decree a decision final . . . . Thus, Rule 54(b) has no impact on whether a decision is sufficiently final to allow review." *Id.*

3. The court stated:

> Under Rule 54(b), we rely on the district court to act as a "dispatcher"—releasing some final decisions during the course of a proceeding, and holding some up for later review at the end of the entire proceeding. . . . [A]bsent such a dispatcher, an immediate appeal of the Tax Court decision here will differ in some aspects from the way in which a district court appeal is processed. . . . Yet, we believe that the more liberal appeal rule we have chosen is broadly consistent with Congress' intent to allow appeals from final decisions where there is 'no just reason for delay.

979 F.2d at 874-75.

*InverWorld*, later changed course in light of *Shepherd. See Brookes*, 163 F.3d at 1128-29 (holding that *Wilson v. Comm'r*, 564 F.2d 1317 (9th Cir. 1989) (per curiam), "which allowed appellate reviewability of separate tax years in a multiyear claim without any certification as to the finality of the order," was contrary to the "clear reasoning" of *Shepherd*).[4]

Requiring such a determination from the Tax Court in the first instance ensures that jurisdiction under section 7482(a)(1) is exercised "in the same manner and to the same extent" as under section 1291. I.R.C. § 7482(a)(1); *see Brookes*, 163 F.3d at 1128-29; *Shepherd*, 147 F.3d at 635. Moreover, the parties offer no reason why the policy considerations underlying Rule 54(b) do not apply with equal force to decisions of the Tax Court. *Shepherd*, 147 F.3d at 635-36. The Tax Court, like the district courts, enjoys a familiarity with the underlying case that the courts of appeals do not—particularly with respect to whether, " 'in the interest of sound judicial administration' " there is no just reason for delay. *Curtiss-Wright Corp. v. Gen. Elec. Co.*, 446 U.S. 1, 8, 10 (1980) (quoting *Sears, Roebuck & Co.*, 351 U.S. at 437). The Tax Court demonstrated its uniquely informed perspective when it denied the Giants' request to certify its decision for interlocutory appeal.[5] The Tax Court expressed its intention to consolidate the Giants' remaining claim with other cases filed by the Giants and the Giants' shareholders in order to dispose of the built-in gains tax issue raised in each case. Indeed, a favorable ruling for the Giants on their liability for the built-in gains tax may render the Tax Courts' dismissal of FYEs 1996 and 1997 moot. Under Rule 54(b), it is the district courts, in the first instance, that weigh the impact of immediate appeal on the

---

4. We further note that the D.C. Circuit's opinion in *InverWorld* relies on the now-discarded analysis of *Wilson. InverWorld*, 979 F.2d at 873, 875.

5. The Tax Court refused to certify its order for interlocutory appeal under I.R.C. § 7482(a)(2)(A). That provision, which is nearly identical to 28 U.S.C. § 1292(b), requires the consideration of issues similar to those relevant to Rule 54(b). *See generally Gen. Acquisition, Inc. v. GenCorp, Inc.*, 23 F.3d 1022, 1032 (6th Cir. 1994). It therefore appears likely that the Tax Court would have declined to make a Rule 54(b) determination had it been asked to do so.

issues that remain and predict the likelihood of successive appeals. We see no reason why the Tax Court should not perform the same function.

For these same reasons, we decline to follow the *per se* rule adopted by the Second and Sixth Circuits that orders disposing of some, but not all, tax years are never final and appealable. *Schrader v. Comm'r*, 916 F.2d 361, 363 (6th Cir. 1999); *Estate of Yaeger v. Comm'r*, 801 F.2d 96, 97 (2d Cir. 1986). Neither the Second nor the Sixth Circuits has addressed the issue since *Shepherd*; however, both courts recognized that "[i]f the order in question, dealing with only one of several tax years, were that of a district court, it would, absent certification under Fed. R. Civ. P. 54(b), be an unappealable interlocutory order." *Estate of Yeager*, 801 F.2d at 97; *accord Schrader*, 916 F.2d at 362. We believe that this observation is dispositive of our jurisdiction under section 7482(a)(1).

## III.

Here, the Tax Court's order did not dispose of all of petitioner's claims. Nor did the court make any determination that its order dismissing the Giants' claims with respect to FYEs 1996 and 1997 was final, or that there was no just reason to delay an appeal. Accordingly, under the rule that we adopt herein, the Tax Court's order is not a final decision reviewable under section 7482(a)(1) and this Court is presently without jurisdiction to hear appeals relating to that order. We will therefore dismiss the Giants' appeal.

A True Copy:
      Teste:

*Clerk of the United States Court of Appeals*
*for the Third Circuit*