**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 23-2543
_____

JOSEPH ARUANNO,
Petitioner

v.

BUREAU OF FISCAL SERVICE
UNITED STATES DEPARTMENT OF TREASURY

_____

On a Petition for Review of a
Decision of the Bureau of Fiscal Service

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
November 18, 2024
Before: SHWARTZ, MONTGOMERY-REEVES, and SCIRICA, <u>Circuit</u> <u>Judges</u>

(Opinion filed: November 26, 2024)
_____

OPINION[*]
_____

PER CURIAM

Joseph Aruanno is a frequent pro se litigant who, since 2005, has been civilly

committed under the New Jersey Sexually Violent Predator Act. He resides in the

Special Treatment Unit operated by the New Jersey Department of Corrections. Aruanno

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

seeks review of a decision of the Bureau of Fiscal Service reaffirming its denial of his claim for an economic impact payment (or "stimulus check") under the Coronavirus Aid, Relief, and Economic Security Act, to the Department of Corrections. In its decision, the Bureau of Fiscal Service, a service in the United States Department of the Treasury, see 31 U.S.C. § 306, agreed that Aruanno was the payee on the check authorized by the Internal Revenue Service but explained that "it appears" that the check has already been deposited by the Department of Corrections on his behalf. 3d Cir. Doc. 1-1.

Aruanno, in his brief, takes issue with the Bureau of Fiscal Service's use of the term "it appears," claiming that the term understates what happened. Calling the check "stolen," he maintains that the Department of Corrections not only deposited it but also cashed it and kept the funds to satisfy an alleged debt that he did not owe. 3d Cir. Doc. No. 10 at 1 & 9. He also argues that the Bureau of Fiscal Service should not have mailed the check, especially because it was "warned-instructed not to." Id. at 3; see also id. at 8 (stating that he had "made clear to the IRS" that if it mailed the stimulus check to him at the Special Treatment Unit it would be stolen). Aruanno states that "interest of justice requires that [the Department of Corrections] be compelled to return those funds to the I.R.S." and requests that we "order the I.R.S. to have the funds returned to them then reissue to either the direct deposit or home address." Id. at 5 & 10.

Before we consider anything else, we must consider whether we have jurisdiction over this matter. See Petroleos Mexicanos Refinacion v. M/T King A (EX-TBILISI), 377 F.3d 329, 333 (3d Cir. 2004); see also Great S. Fire Proof Hotel Co. v. Jones, 177 U.S. 449, 453 (1900) ("This question the court is bound to ask and answer for itself, even

2

when not otherwise suggested, and without respect to the relation of the parties to it."). Our jurisdiction is limited; we "possess only that power authorized by Constitution and statute." Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994). We have been granted jurisdiction over final and certain interlocutory orders of the district courts, see 28 U.S.C. §§ 1291 & 1292; In re Briscoe, 448 F.3d 201, 211 (3d Cir. Pa. 2006), some decisions in bankruptcy and tax matters, see 28 U.S.C. § 158; 26 U.S.C. § 7482; N.Y. Football Giants, Inc. v. Comm'r, 349 F.3d 102, 105 (3d Cir. 2003), and various agency decisions, see 28 U.S.C. § 2342; 8 U.S.C. § 1252.

We have not found any statutory or other authority to review the challenged decision of the Bureau of Fiscal Service, and Aruanno does not point us to any. See Kokkonen, 511 U.S. at 377 (explaining that '[i]t is to be presumed that a cause lies outside this limited jurisdiction," and that "the burden of establishing the contrary rests upon the party asserting jurisdiction"); see also Fed. R. App. P. 28(a)(4)(B). Accordingly, we must dismiss this case.[1] See Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 94 (1998) ("Without jurisdiction the court cannot proceed at all in any cause. Jurisdiction is power to declare the law, and when it ceases to exist, the only

---

[1] We have considered whether we could grant Aruanno the relief he requests pursuant to our mandamus authority, and we have concluded that mandamus relief is not available. See generally United States v. Christian, 660 F.2d 892, 893 (3d Cir. 1981); cf. In re Wolenski, 324 F.2d 309, 309 (3d Cir. 1963) (per curiam). We also cannot entertain his claims in the first instance. See O'Hanlon v. Uber Techs., Inc., 990 F.3d 757, 763 n.3 (3d Cir. 2021) (reaffirming the established principle that we are "a court of review, not of first view") (citation and quotation marks omitted). Lastly, we express no opinion on his ability to pursue his claims in a district court (beyond what we have already stated, see Aruanno v. IRS, C.A. No. 23-2630, 2024 WL 686153 (3d Cir. Feb. 20, 2024) (per curiam)).

function remaining to the court is that of announcing the fact and dismissing the cause.")

(quotation marks omitted).