# United States Court of Appeals
## for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

May 9, 2023

Lyle W. Cayce
Clerk

———————

No. 22-60469

———————

Hassan Ali Pejouhesh,

*Petitioner—Appellant*,

*versus*

Commissioner of Internal Revenue,

*Respondent—Appellee*.

———————————————————

Appeal from a Decision of the
United States the Tax Court
Agency No. 34748-21

———————————————————

Before Clement, Graves, and Higginson, *Circuit Judges*.
James E. Graves, Jr., *Circuit Judge*:

Hassan Ali Pejouhesh, a federal prisoner proceeding *pro se*, moves for leave to proceed *in forma pauperis* and a change of venue for his tax appeal to the United States Court of Appeals for the District of Columbia Circuit. However, for the reasons stated below, we dismiss this appeal for lack of jurisdiction.

In November 2021, Pejouhesh petitioned the Tax Court alleging that he had not received economic impact payments ("EIPs") under the CARES Act despite being eligible. *See* 26 U.S.C. § 6428 *et seq*. The Commissioner of

No. 22-60469

Internal Revenue ("CIR") moved to dismiss the claim, arguing that no notice of deficiency, as authorized by 26 U.S.C. § 6212(a), and required by 26 U.S.C. § 6213(a), had been sent to Pejouhesh.

On February 14, 2022, the Tax Court directed Pejouhesh to submit an objection to the motion to dismiss. Following the request and subsequent approval of two extensions to file an objection, Pejouhesh moved once more for an extension of time. On July 29, 2022, the Tax Court denied the motion for an extension of time, granted the CIR's motion to dismiss, and ordered that the case be dismissed after finding that Pejouhesh failed to establish jurisdiction.

However, after the court entered its Order, Pejouhesh filed a pleading entitled "Motion Petitioner Objection to Respondent Motion to Dismiss for Lack of Jurisdiction."[1] In it, he asserts that he attached a valid notice of deficiency to his petition. In addition, he argues that he submitted a Form 3531, titled "Request for Signature or Missing Information to Complete Return," which details how his tax return for the 2020 tax year was incomplete because it lacked a valid original signature.

A few weeks later, Pejouhesh filed a notice of appeal in this court from the Order where, *inter alia*, he challenges the failure of the Tax Court to consider his newest pleading. To date, the Tax Court has not issued a ruling on Pejouhesh's "Motion Petitioner Objection to Respondent Motion to Dismiss for Lack of Jurisdiction."

---

[1] Generally, this court construes *pro se* filings liberally. *See Yohey v. Collins*, 985 F.2d 222, 225 (5th Cir. 1993). Read broadly, this motion will be construed as a Motion to Vacate or Revise as the substance of Pejouhesh's pleading directly challenges the basis of the Tax Court's Order. *See* Tax Ct. Rule 162.

No. 22-60469

The United States Courts of Appeals have exclusive jurisdiction to review decisions of the Tax Court. 26 U.S.C. § 7482(a)(1). For a Tax Court's decision to be reviewable, it must be final. *Nixon v. Comm'r*, 167 F.3d 920, 920 (5th Cir. 1999); *see also* 28 U.S.C. § 1291 ("The courts of appeals . . . shall have jurisdiction of appeals from all final decisions of the district courts of the United States . . . ."). A "final decision" typically is one that puts an end to the litigation on the merits and "leaves nothing for the court to do but execute the judgment." *Coopers & Lybrand v. Livesay*, 437 U.S. 463, 467 (1978). "This finality rule is designed to avoid piecemeal trial and appellate litigation and the delays and costs of multiple appeals upon both parties and courts, as well as to provide a clear test so that needless precautionary appeals need not be taken lest substantive rights be lost." *Newpark Shipbuilding & Repair, Inc.*, *v. Roundtree*, 723 F.2d 399, 401 (5th Cir. 1984).

As such, absent certification under 28 U.S.C. § 1292(b) or a separate Rule 54(b) type order, an order disposing of fewer than all parties or claims in an action is unappealable, subject to exceptions not applicable here. *Nixon*, 167 F.3d at 920. That is what we have here. Since no certification under § 1292(b) or a separate Rule 54(b) type order exists, and Pejouhesh's pleading is still pending before the Tax Court, we lack jurisdiction over this appeal.

It is therefore ORDERED that this appeal is dismissed *sua sponte* for lack of jurisdiction without prejudice. All pending motions are DENIED as moot.